# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| AMERICAN FAMILY HOME INSURANCE COMPANY, as Subrogee of Adrian Biesecker,<br><br>Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC., and KRAUSE FAMILY MOTORCARS, LLC,<br><br>Defendants. | Civil No. _____ |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff American Family Home Insurance Company as subrogee of Adrian Biesecker, by and through counsel, for its Complaint against Defendants McLaren Automotive, Inc., and Krause Family Motorcars, LLC, states as follows:

### PARTIES

1. Plaintiff American Family Home Insurance Company ("American Family Home Insurance Company") is organized under the laws of the State of Florida with its principal place of business at 1301 River Place Boulevard, Suite

1

1300, Jacksonville, Florida 32207. American Family Home Insurance Company is not incorporated in, or a citizen of, any of the states in which Defendants are citizens. At all relevant times, American Family Home Insurance Company was the collector vehicle insurer for Adrian Biesecker, an individual who resides in Pennsylvania, and is the express assignee of Mr. Biesecker's claims and causes of action related to the property damage caused by the defendants as alleged herein.

2.      Defendant McLaren Automotive, Inc. ("McLaren"), is a corporation organized under the laws of the State of Delaware with its principal place of business at 1405 Belt Line Road, Suite 100, Coppell, TX 75019. McLaren is engaged in the business of manufacturing, marketing, and selling automobiles. McLaren is qualified to conduct, and regularly conducts, business in the State of Georgia, and has designated CT Corporation System, 289 S Culver St, Lawrenceville, GA, 30046 as its Georgia registered agent for service of process. At all relevant times, McLaren was responsible for the manufacture, sale, warranty, and service on the subject automobile.

3.      Defendant Krause Family Motorcars, LLC ("Krause"), is a limited liability company organized under the laws of the State of Georgia with its principal place of business at P. O. Box 1249, Alpharetta, GA 30009, and its registered office address at 1575 Mansell Road, Alpharetta, GA 30009. Upon

information and belief, Vernon K. Krause is the sole member of Krause and is a resident of the State of Georgia. Upon further information and belief, no member of Krause is a citizen of any state in which American Family Home Insurance Company is a citizen. Krause owns and operates MotorCars of Atlanta, which is an authorized McLaren dealer and warranty service provider.

## JURISDICTION AND VENUE

4. Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties are citizens of different states.

5. The subject automobile was purchased by American Family Home Insurance Company's insured, Adrian Biesecker ("Mr. Biesecker"), who resides in Pennsylvania.

6. Federal question jurisdiction exists pursuant to 28 U.S.C. § 1331 because this Complaint includes a federal claim brought under the Magnuson-Moss Warranty–Federal Trade Commission Improvements Act, and the amount in controversy is not less than the sum or value of $50,000, exclusive of interests and costs. *See* 15 U.S.C. § 2310(d)(3)(B).

7. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving

rise to the claim occurred in the district. Defendants are each subject to this Court's personal jurisdiction with respect to this action.

## FACTUAL ALLEGATIONS

8. On or about March 23, 2021, Mr. Biesecker signed a Cash Retail Buyers Order and Invoice for the purchase of a 2021 McLaren 765LT Coupe bearing VIN SBM14RCAXMW765597 ("Subject Vehicle") for $529,900.00 from Motorcars of Jackson, LLC, located in Jackson, Mississippi. At the time of purchase the Subject Vehicle only had 138 miles on the odometer.

9. The Subject Vehicle was manufactured and distributed into the United States by McLaren for retail sale.

10. The Subject Vehicle was sold to Mr. Biesecker with all McLaren manufacturer's warranties, including express and implied warranties, in full effect.

11. Upon information and belief, the physical copy of the McLaren express warranty for the Subject Vehicle was in the vehicle when it was destroyed by fire. Attached hereto as **Exhibit 1** is a copy of a McLaren express 3-year/unlimited mileage warranty. Upon information and belief, all of the material terms of the warranty attached as Exhibit 1 are the same as those of the McLaren express warranty for the Subject Vehicle.

12. On or about March 24, 2021, prior to delivery of the Subject Vehicle

4

to Mr. Biesecker, Motorcars of Jackson, LLC, contacted Krause, through its MotorCars of Atlanta dealership, to perform warranty work on the Subject Vehicle, specifically to address, according to the work order: "fuel level sensor / fault and message on screen, roof trim – should be on a passenger seat; and driver's window switch is not operating properly."

13. Motorcars of Jackson, LLC, told Mr. Biesecker that there was a sensor light that needed to be inspected and some work on the trim, and that the Subject Vehicle was going to be transported to Krause for that warranty work to be completed.

14. Krause is a McLaren-licensed dealer and is authorized to perform warranty work on McLaren vehicles. All work that Krause performed on the Subject Vehicle was performed and covered under the McLaren express warranty. For purposes of Krause's work on the Subject Vehicle, it acted at all times as an authorized agent for McLaren.

15. McLaren supervises each and every authorized dealer through a system of zone offices that is set up to monitor dealerships located within each respective county of the State of Georgia.

16. McLaren provides its authorized dealers with repair manuals and service bulletins to repair vehicle manufactured and/or distributed by McLaren

5

17. When Krause accepted the Subject Vehicle for the warranty work it had 140 miles on the odometer.

18. The work performed by Krause, according to its work order, included installation of the "hose-fuel feed – tank" and the "harness fuel cell." The Krause work order further noted: "Customer request we replace fuel pump harness correct. Installed harness test is system found no further problems at this time."

19. Not having heard anything from Krause or Motorcars of Jackson, LLC, Mr. Biesecker contacted Krause, whose employees informed him that a wiring harness also needed to be replaced.

20. Krause did not inform Mr. Biesecker that Krause that it had also removed and reinstalled the vehicle's fuel tank, or that it had installed a fuel feed filler hose.

21. Krause completed the warranty work on or about April 14, 2021. At the completion of the work, the Subject Vehicle had 145 miles on the odometer.

22. Upon the completion of its work on the Subject Vehicle, Krause arranged to have the vehicle transported from Krause's MotorCars of Atlanta dealership, in Atlanta, Georgia, to Mr. Biesecker, in Ambler, Pennsylvania.

23. On April 21, 2021, Mr. Biesecker drove the Subject Vehicle to a local gas station to put fuel in the vehicle for the first time. Approximately twelve

seconds after Mr. Biesecker began fueling the vehicle, the Subject Vehicle erupted into flames and was destroyed. The vehicle had 156 miles on the odometer.

24.   American Family Home Insurance Company insured the Subject Vehicle under a collector vehicle insurance policy, policy No. ACI04B08220900, with a policy period of April 15, 2021, to April 15, 2022 (hereinafter, the "Policy"). Mr. Biesecker submitted a claim to American Family Home Insurance Company under the Policy for damage to the Subject Vehicle from the April 21 fire. American Family Home Insurance Company adjusted and paid the claim in the amount of $529,682.92 less the $2,500 policy deductible (which American Family Home Insurance Company seeks to recover herein on behalf of its insured).

25.   By virtue of paying the insurance claim made by Mr. Biesecker under the Policy, American Family Home Insurance Company is now subrogated to all of the rights and the standing to sue of its insured, and is entitled to collect the amount of all payments under the Policy from Defendants, jointly and severally. Pursuant to express Policy provisions, Mr. Biesecker assigned to American Family Home Insurance Company, in a notarized written assignment, "the full ownership of, and the full authority and right to pursue, all rights, claims, and causes of action related to the recovery of the Claim Amount, and all property damage related to the April 21, 2021, fire, from any and all responsible third parties, including the right to

pursue such recovery in any state or federal court in Georgia." Pursuant to the assignment, American Family Home Insurance Company has the standing and authority under the laws of the State of Georgia to pursue this action, and all claims herein, against Defendants.

## COUNT ONE
## NEGLIGENCE
### (Against Krause and McLaren)

26. American Family Home Insurance Company incorporates the allegations in paragraphs 1 through 25 above.

27. In performing its work on the Subject Vehicle, Krause owed a legal and professional duty of care to Plaintiff's insured (and, by extension, Plaintiff as the insurer of the Subject Vehicle) to exercise the level of skill and care appropriate for a licensed dealership in similar circumstances, and take all reasonable and necessary steps to prevent the Subject Vehicle from presenting a dangerous fire hazard upon the completion of its work. The legal duty owed by Krause to Plaintiff's insured (and Plaintiff) did not arise from any contract between the parties.

28. Krause violated its duty of care by performing the work in a substandard and negligent manner, and failing to take all reasonably necessary steps to prevent the Subject Vehicle from presenting a dangerous fire hazard upon

the completion of its work. Specifically, Krause failed to properly reinstall the Subject Vehicle's fuel tank and filler hose, including failing to secure the filler hose, which failure caused escaping fuel to be ignited approximately twelve seconds after Mr. Biesecker began fueling the vehicle for the first time.

29. Upon information and belief, McLaren directed, monitored and provided the supplies and materials for the work performed by Krause, and Krause acted as McLaren's agent in the performance of the work.

30. McLaren failed to properly direct and monitor Krause's work.

31. At the time it completed its work on the Subject Vehicle, Krause and McLaren knew that the Subject Vehicle was owned by Mr. Biesecker. Upon the completion of the work, Krause arranged to have the Subject Vehicle transported to Mr. Biesecker in Pennsylvania.

32. Krause and McLaren knew that the Subject Vehicle would be driven by Mr. Biesecker. It was foreseeable to Krause and McLaren that any harm resulting from its work on the Subject Vehicle would be suffered by Mr. Biesecker as the Subject Vehicle's owner and, by extension, Plaintiff as his collector vehicle insurer.

33. Krause and McLaren's negligent work was the direct, legal, and proximate cause of American Family Home Insurance Company's damages, in the

form of insurance payments for damage to the Subject Vehicle.

## COUNT TWO
## VIOLATION OF MAGNUSON MOSS WARRANTY–FEDERAL TRADE COMMISSION IMPROVEMENT ACT, 15 U.S.C. §§ 2301 *et. seq.*
### (Against Krause and McLaren)

34. American Family Home Insurance Company incorporates the allegations in paragraphs 1 through 33 above.

35. Mr. Biesecker is a "consumer" as defined by 15 U.S.C. § 2301(3). American Family Home Insurance Company, as subrogee of Mr. Biesecker, has all the rights and standing to sue in the shoes of Mr. Biesecker, under 15 U.S.C. § 2301, *et. seq.*

36. McLaren is a "supplier," and "warrantor," who made a written warranty or service contract, as defined by 5 U.S.C. § 2301 (4), (5), and (8).

37. Krause is a "supplier," and "warrantor," who made a written warranty or service contract, as defined by 5 U.S.C. § 2301 (4), (5), and (8).

38. The Subject Vehicle is a "consumer product" as defined by 15 U.S.C. § 2301(1).

39. The Subject Vehicle was sold with the original, written, express, and implied manufacturer's warranties, in which Defendants warranted to perform any repairs or replacement of parts necessary to ensure that the Subject Vehicle and the components therein were free from all defects in material and workmanship, and to

perform any adjustments necessary to maintain the safety and utility of the Subject Vehicle and the parts, components, and various systems contained therein, for at least three years. The express warranty given by McLaren pertaining to the Subject Vehicle is a "written warranty" as defined by 5 U.S.C. 2301(6).

40. On the first occasion that the Subject Vehicle exhibited defects, non-conformities, or malfunctions, as herein described, Krause and McLaren were notified of such issues and provided an opportunity to repair and remedy all such issues with the Subject Vehicle. They failed to repair or remedy the defects, non-conformities, and malfunctions with the Subject Vehicle, and failed to conform the Subject Vehicle to the written warranty and service contract within a reasonable amount of time and without charge.

41. By the acts and omissions described herein, Krause and McLaren failed to comply with their obligations under the Magnuson Moss Warranty–Federal Trade Commission Improvement Act, in that they failed to repair the defects, non-conformities, and malfunctions with the Subject Vehicle, which were covered by a service contract and written warranty, within a reasonable time and without charge pursuant to 15 U.S.C. 2301 and 2310(d)(1).

42. By the acts and omissions described herein, Krause and McLaren also breached the implied warranties of merchantability and fitness for a particular

purpose that apply to the Subject Vehicle by operation of law.

43. McLaren and its authorized dealer and agent, Krause, were given reasonable opportunity to cure the defects in the Subject Vehicle, all of which were covered by the manufacturer's express, written warranty. No further opportunities to cure the defects were possible after Mr. Biesecker received the Subject Vehicle, because the Subject Vehicle was completely destroyed as the direct and proximate result of the work by Krause and McLaren shortly after it was received, rendering any further notice of defects, or repair attempts, impossible.

44. Krause's and McLaren's violation of Magnuson Moss Warranty–Federal Trade Commission Improvement Act is the direct and proximate cause of American Family Home Insurance Company's damages.

## COUNT THREE
## BREACH OF EXPRESS WARRANTY
### (Against Krause and McLaren)

45. American Family Home Insurance Company incorporates the allegations in paragraphs 1 through 44 above.

46. At all relevant times, including upon Krause's acceptance of the Subject Vehicle for work, the Subject Vehicle was subject to the original, written, express manufacturer's warranty on the vehicle that was issued by McLaren.

47. McLaren manufactured and sold the Subject Vehicle with an express

warranty that, upon information and belief, contained all of the same material terms as the warranty attached as Exhibit 1.

48.  Krause, as a licensed McLaren dealership that was authorized by McLaren to perform warranty repairs, and the agent of McLaren, was also responsible for fulfilling the terms of the express warranty on the Subject Vehicle.

49.  At all relevant times, including upon Krause and McLarens' acceptance of the Subject Vehicle for repair work, the vehicle had defects, malfunctions, and non-conformities that were covered by the express warranty on the Subject Vehicle. The warranty covered all defects in the Subject Vehicle that existed when it was accepted by Krause and McLaren for repair work.

50.  Krause and McLaren breached the express warranty by failing to adequately service and repair the Subject Vehicle, and cure the defects in the Subject Vehicle that were covered by the express warranty on the vehicle.

51.  Krause's and McLaren's breach of the express warranty was the direct and proximate cause of the destruction of the Subject Vehicle from fire, and all damages suffered by American Family Home Insurance Company.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff American Family Home Insurance Company respectfully requests the Court enter judgment for Plaintiff and against Defendants

McLaren Automotive, Inc., and Krause Family Motorcars, LLC, as follows:

    A.    An award of monetary damages to Plaintiff from Defendants, jointly and severally, in an amount according to proof;

    B.    Pre-judgment and post-judgment interest;

    C.    Costs of suit;

    D.    For such other relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff American Family Home Insurance Company demands a trial by jury of all issues to triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

PLAINTIFF AMERICAN HOME INSURANCE COMPANY
By its attorneys,

_____
Eric D. Miller
**Miller Insurance Law Enterprise**
115 Perimeter Center Place, Suite 430
South Terraces
Atlanta, GA 30346
Phone: 404-923-7599
Fax: 404-855-4091
emiller@mileatlanta.com

Marie Cheung-Truslow (*pro hac vice* admission pending)
Clint McCord (*pro hac vice* admission pending)
**Law Offices of Marie Cheung-Truslow**
Phone: (617) 777-4748
Fax: (617) 553-1940
marie@cheungtruslowlaw.com
clint@cheungtruslowlaw.com

Office Address:
101 Arch Street, 8th Floor
Boston, MA 02110

Mailing Address:
19 Tobisset Street
Mashpee, MA 02649