## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF GEORGIA
## ATLANTA DIVISION

AMERICAN FAMILY HOME
INSURANCE COMPANY, as
Subrogree of Adrian Biesecker,

     Plaintiff,

     v.

MCLAREN AUTOMOTIVE, INC.;
and KRAUSE FAMILY
MOTORCARS, LLC,

     Defendants.

Civil Action No.
1:22-cv-01392-LMM

## BRIEF IN SUPPORT OF SPECIALLY-APPEARING
## DEFENDANT MCLAREN AUTOMOTIVE, INC.'S
## MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Specially-Appearing Defendant McLaren Automotive, Inc. ("MAI"), pursuant to Federal Rule of Civil Procedure 12(b)(2) and Local Rule 7.1, files this Memorandum of Law in Support of its Motion to Dismiss For Lack of Personal Jurisdiction, showing this Court the following:

## I.    INTRODUCTION

This case involves a 2021 McLaren 765LT, VIN SBM14RCAXMW765597 that was involved in a fire on or about April 21, 2021 in Pennsylvania. Adrian Biesecker had purchased the subject McLaren from Motorcars of Jackson, LLC, in

-1-

Jackson, Mississippi on or about March 23, 2021.  Yet, the subject McLaren was originally distributed by MAI to McLaren Boston in Norwell, Massachusetts in October 2020.  MAI did not distribute the subject McLaren to Motorcars of Jackson, LLC in Jackson, Mississippi who is also not an authorized retailer of new McLaren vehicles.

Plaintiff's complaint alleges that on or about March 24, 2021, Motorcars of Jackson, LLC contacted defendant Krause Family Motorcars, LLC ("Krause") to perform repairs to the subject McLaren in Georgia.   Complaint, ¶ 12.   After completing the work on or about April 14, 2021, Krause arranged to have the vehicle transported from Georgia to Adrian Biesecker in Pennsylvania.  *Id.* at ¶¶ 21, 22.  The subject McLaren was involved in a fire on or about April 21, 2021 after Adrian Biesecker drove it for the first time.  *Id.* at ¶ 23.

This Court therefore lacks personal jurisdiction over MAI and the Court should quash the service of the summons and dismiss Plaintiff's complaint as to MAI.  First, an assertion of general "all-purpose jurisdiction" is improper because MAI is not "at home" in Georgia.  *Daimler AG v. Bauman*, 571 U.S. 117, 136 (2014).  Rather, MAI is incorporated under the laws of the State of Delaware with its principal place of business in Texas.  MAI does not design, manufacture, or assemble McLaren vehicles, and does not service vehicles in Georgia.

Second, there is no basis for specific conduct-linked jurisdiction, because the lawsuit does not arise out of any conduct by MAI *in or directed at* Georgia. MAI has no facilities, employees or offices in Georgia and the subject McLaren was not designed, manufactured, assembled or sold in Georgia. Accordingly, pursuant to the United States Constitution, *Goodyear Dunlop Tires Operations v. Brown* 564 U.S. 915 (2011), *Daimler AG v. Bauman*, 571 U.S. 117 (2014), and *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2017), Plaintiff's action should be dismissed as to MAI for lack of personal jurisdiction.

## II.    FACTUAL BACKGROUND

Plaintiff's complaint alleges Adrian Biesecker purchased the subject McLaren on or about March 31, 2021 from Motorcars of Jackson, LLC in Jackson, Mississippi. Compl., ¶ 8.  On or about March 24, 2021, Motorcars of Jackson, LLC contacted Krause to perform repairs to the subject McLaren in Georgia. *Id.* at ¶ 12.  After completing the work on or about April 14, 2021, Krause arranged to have the vehicle transported from Georgia to Adrian Biesecker in Pennsylvania. *Id.* at ¶¶ 21, 22. The subject McLaren was involved in a fire on or about April 21, 2021 after Adrian Biesecker drove it for the first time. *Id.* at ¶ 23.  Plaintiff paid a claim in the amount of $529,682.92 less a $2,500 policy deductible after the fire. *Id.* at ¶ 24.

MAI is incorporated under the laws of the State of Delaware with its principal

place of business in Texas. Compl., ¶ 2; Dahlberg Decl., ¶ 6.  MAI has no facilities, offices, or employees in the State of Georgia.  Dahlberg Decl., ¶ 7.  McLarens are not designed, manufactured, or assembled in the State of Georgia. *Id.* at ¶ 8.  The subject McLaren was not distributed by MAI in the State of Georgia. *Id.* at ¶ 5.  The key files and business records for MAI's business operations are maintained at its headquarters in Texas, and corporate and strategic business decisions regarding the operations of MAI are made by management at its headquarters in Texas.  *Id.* at ¶ 6.  MAI did not service or repair the subject McLaren after it distributed it to McLaren Boston and would not normally do so.  *Id.* at ¶ 9.

After the subject McLaren was manufactured, it was distributed by MAI to McLaren Boston in Norwell, Massachusetts in October 2020.  *Id.* at ¶ 5.  MAI did not distribute the subject McLaren to Motorcars of Jackson, LLC and was neither involved in nor participated in the subject McLaren being transported to Mississippi where it was purchased by Adrian Biesecker.  *Id.* at ¶ 10. Motorcars of Jackson, LLC is not an authorized McLaren dealer.  *Id.* at ¶ 11.  Krause Family Motorcars, LLC dba McLaren Atlanta is an independent McLaren dealership owned and operated by individuals and/or entities unaffiliated with MAI. *Id.* at ¶ 12.  MAI was also not involved in the decision to transport the vehicle from Motorcars of Jackson, LLC to Krause in Georgia for repair.  *Id.* at ¶ 13.

Plaintiff cannot meet its burden of establishing the requisite connection among MAI, Georgia, and this litigation to justify general or specific jurisdiction over MAI.

### III.   ARGUMENT AND CITATION OF AUTHORITIES

#### A.   Personal jurisdiction standard.

There are generally two recognized bases for personal jurisdiction over nonresident defendants: (1) "general jurisdiction," which arises when a defendant's contacts with the forum state are so pervasive that the defendant is considered "at home" in the forum, which rarely arises outside of the principal place of business or state of incorporation, *Daimler*, 571 U.S. at 122; and (2) "specific jurisdiction," which arises when the defendant's contacts with the forum give rise to the subject litigation. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984). Plaintiff cannot establish that MAI is subject to personal jurisdiction in this lawsuit under either basis.  Additionally, the assertion of jurisdiction over MAI in this suit would offend traditional notions of fair play and substantial justice. Accordingly, the Court must dismiss the claims against MAI for lack of personal jurisdiction.

#### B.   MAI is not subject to general jurisdiction in Georgia.

MAI, incorporated under the laws of the State of Delaware with its principal place of business in Texas, is not subject to the general jurisdiction of this Court. General jurisdiction only exists when a defendant's affiliations with a state are "so

substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

"With respect to a corporation, the place of incorporation and principal place of business are 'paradig[m]... bases for general jurisdiction.'" *Daimler*, 571 U.S. at 137 (quotation omitted). It is "incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014); *see also Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014), *cert denied*, 135 S. Ct. 2310 (2015) ("*Daimler* makes clear the demanding nature of the standard for general personal jurisdiction over a corporation.").

In *Daimler*, the U.S. Supreme Court noted that even if the activities of Mercedes Benz USA (MBUSA), which had multiple California-based facilities, including a regional office in Costa Mesa, a Vehicle Preparation Center in Carson, and a Classic Center in Irvine, were imputed to Daimler, those activities did not render Daimler "at home" in California. *Daimler*, 571 U.S. at 117-119. The Court noted that would be the case even if it considered MBUSA to be the largest supplier of luxury vehicles to the California market with over 10% of all sales of new vehicles in the United States taking place in California. In rejecting the plaintiffs' arguments that the

MBUSA contacts with California were sufficient, Justice Ginsberg stated:

> Plaintiffs would have us look beyond the exemplar bases Goodyear identified, and approve the exercise of general jurisdiction in every State in which a corporation "engages in a substantial, continuous, and systematic course of business." Brief for Respondents 16–17, and nn. 7–8. *That formulation, we hold, is unacceptably grasping*.

> As noted, see supra, at 7–8, the words "continuous and systematic" were used in *International Shoe* to describe instances in which the exercise of specific jurisdiction would be appropriate. See 326 U. S., at 317 (*jurisdiction can be asserted where a corporation's in-state activities are not only "continuous and systematic, but also give rise to the liabilities sued on"*). Turning to all-purpose jurisdiction, in contrast, *International Shoe* speaks of "instances in which the continuous corporate operations within a state [are] so substantial and of such a nature as to justify suit . . . *on causes of action arising from dealings entirely distinct from those activities*." *Id*., at 318 (emphasis added). See also Twitchell, Why We Keep Doing Business With Doing-Business Jurisdiction, 2001 U. Chi. Legal Forum 171, 184 (*International Shoe* "is clearly not saying that dispute-blind jurisdiction exists whenever 'continuous and systematic' contacts are found."). *Accordingly, the inquiry under Goodyear is not whether a foreign corporation's in-forum contacts can be said to be in some sense "continuous and systematic," it is whether that corporation's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State."* 564 U.S., at 919.

> Here, neither Daimler nor MBUSA is incorporated in California, nor does either entity have its principal place of business there. If Daimler's California activities sufficed to allow adjudication of this Argentina-rooted case in California, the same global reach would presumably be available in every other State in which MBUSA's sales are sizable. Such exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants "to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit."

> *Burger King Corp.*, 471 U.S., at 472 (internal quotation marks omitted).
>
> It was therefore error for the Ninth Circuit to conclude that Daimler, even with MBUSA's contacts attributed to it, was at home in California, and hence subject to suit there on claims by foreign plaintiffs having nothing to do with anything that occurred or had its principal impact in California.

*Id.* at 138-39 (emphasis added).

As in *Daimler*, MAI engages in no Georgia activities that "give rise to the liabilities sued on" and MAI's contacts do not render it "at home" in Georgia. MAI is incorporated under the laws of the State of Delaware and its principal place of business is in Texas. Compl., ¶ 2; Dahlberg Decl., ¶ 6. Moreover, MAI has no facilities, office or employees in the State of Georgia. Dahlberg Decl., ¶ 7. MAI, a distributor of vehicles, does not design, manufacture or assemble McLaren vehicles, and the subject McLaren was not sold in the State of Georgia. *Id.* at ¶¶ 5, 6, 8. The key files and business records for MAI's business operations are maintained at its headquarters in Texas, and corporate and strategic business decisions regarding the operations of MAI are made by management at its headquarters in Texas. *Id.* at ¶ 6.

MAI is clearly not "at home" in Georgia and, therefore, it is not subject to general jurisdiction in Georgia because it is not a citizen of the State of Georgia.[1]

---

[1] MAI is aware of the recent Supreme Court of Georgia decision in *Cooper Tire &*

### C.    __MAI is not subject to specific jurisdiction in Georgia.__

MAI is also not subject to specific jurisdiction in Georgia with regard to a case involving a Florida plaintiff, a Pennsylvania fire, and a vehicle that was originally distributed by MAI in Massachusetts and later sold by an independent third-party in Mississippi.  The mere fact that the subject McLaren was serviced by an independent, McLaren dealership in Georgia that is owned and operated by an entity unaffiliated with MAI is insufficient to establish the requisite nexus between the facts of this case and any conduct by MAI.

Specific personal jurisdiction is "based on the relationship between the defendant's forum contacts and the plaintiffs' claim." *Yahoo! Inc.* v. *La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006). As a result, "specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear*, 564 U.S. at 919 (internal quotation marks omitted). Significantly, "for a State to exercise jurisdiction

---

*Rubber Co. v. McCall*, 863 S.E.2d 81 (Ga. 2021), *petition for cert. filed*, (U.S. Dec. 20, 2021) (No. 21-926). However, as the majority opinion itself acknowledged, *McCall* is in "tension" with "recent United States Supreme Court precedent" and the basis for the "general-jurisdiction holding may be undermined if the Supreme Court ever reconsiders and overrules *Pennsylvania Fire [Ins. Co. of Philadelphia v. Gold Issue Mining & Milling Co.*, 243 U.S. 93 (1917)]." *Id.* at 437; *see also id.* at 423-424 (acknowledging "tension"). In fact, the United States Supreme Court has recently accepted certiorari on this very issue. *See Mallory v. Norfolk S. Ry. Co.*, 266 A.3d 542, 548 (Pa. 2021), *cert. granted*, No. 21-1168, 2022 WL 1205835 (U.S. Apr. 25, 2022).

consistent with due process, *the defendant's suit-related conduct must create a substantial connection with the forum State*."  *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (emphasis added).

The Eleventh Circuit uses a three-prong test to conduct this analysis:

> (1) ***whether the plaintiff's claims arise out of or relate to the defendant's contacts with the forum***;

> (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and

> (3) ***whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice***.

*Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1355 (11th Cir. 2013).  The "inquiry must focus on the direct causal relationship between the defendant, the forum, and the litigation."  *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010) (internal quotation marks omitted) (quoting *Helicopteros*, 466 U.S. at 414). "[A] relationship among the defendant, the forum, and the litigation is the essential foundation of *in personum* jurisdiction...." *Helicopteros*, 466 U.S. at 414 (internal quotation marks omitted). Importantly, this substantial connection "must arise out of contacts that the 'defendant *himself*' creates with the forum State" rather than "contacts between the plaintiff (or third parties) and the forum State." *Walden*, 571 U.S. at 284 (emphasis original; citations omitted); *Helicopteros*, 466 U.S. at 417

("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction").

In *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1775, plaintiffs sued Bristol-Myers in California alleging Plavix damaged their health.  Bristol-Meyers is incorporated in Delaware and headquartered in New York.  *Id.* at 1777. Although Bristol-Myers engaged in business activities in California, it did not develop, manufacture, package or work on the approval for Plavix in the State.  *Id.* at 1778.  The California Superior Court denied Bristol-Meyers' motion to quash service of summons for lack of personal jurisdiction.  *Id.*  Following its decision in *Daimler*, the U.S. Supreme Court held in order to exercise specific jurisdiction, there must be an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State.  *Id.* at 1781.  The Supreme Court held there was no specific jurisdiction over Bristol-Myers in California because Plaintiffs were not prescribed Plavix in California, they did not purchase Plavix in California, they did not ingest Plavix in California, and they were not injured by Plavix in California.  *Id.* at 1781-82.

Here, jurisdiction over MAI cannot be exercised in Georgia because Plaintiff did not and cannot allege facts establishing MAI engaged in any activity that took

place in, or was directed at, Georgia, and that any such activity in Georgia caused Plaintiff's damages in this action.  Thus, the requisite relationship among MAI, Georgia, and this action are lacking to assert specific jurisdiction over MAI.  Plaintiff is a resident of Florida.  The fire occurred in Pennsylvania.  The subject McLaren was originally distributed by MAI to McLaren Boston in Massachusetts in October 2020.  The subject McLaren was never sold in Georgia.  Rather, it was sold to Adrian Biesecker in Mississippi on or about March 23, 2021.  There clearly is no relationship or nexus among MAI, the fire, Plaintiff's claimed damages, and Georgia.

This suit's only connection with Georgia is that Krause repaired the subject McLaren in Georgia, long after MAI originally distributed the vehicle to McLaren Boston in Massachusetts in October 2020.  MAI did not direct that the subject McLaren be sent to Georgia nor did it direct any activities towards Georgia in connection with this litigation.

As is made clear by the United States Supreme Court, permitting a non-resident plaintiff to bring suit in Georgia against MAI under these facts undermines due process considerations.  Accordingly, there is no basis to assert specific jurisdiction over MAI in Georgia and this motion should be granted.

## D.   Asserting jurisdiction over MAI in this action would offend traditional notions of fair play and substantial justice.

Even if there were facts sufficient to justify general or specific jurisdiction over

MAI – which there are not as described above – the Court must still find that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l Shoe*, 326 U.S. at 316. Jurisdiction in this case would be neither fair nor just. In this analysis, the Court considers several factors, including the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, and the judicial system's interest in resolving the dispute. *Louis Vuitton*, 736 F.3d at 1358.

In conducting its analysis, this Court must consider the "procedural and substantive policies" of the assertion of jurisdiction by a court in Georgia over a foreign company. *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 115 (1987). Such interests "will be best served by a careful inquiry into the reasonableness of the assertion of jurisdiction in the particular case, and an unwillingness to find the serious burden on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State." *Id*. Here, Georgia has no legitimate interest in litigating this matter as to MAI.

MAI is incorporated under the laws of the State of Delaware with its principal place of business in Texas. The subject McLaren was not designed, manufactured, assembled, or sold in Georgia. Rather, it was distributed by MAI in Massachusetts. The incident that is the subject of this lawsuit occurred in Pennsylvania and Plaintiff is

a resident of Florida.

As to Plaintiff's interest (and Georgia's) in litigating this lawsuit in Georgia, Plaintiff is a resident of another state – Florida – and the subject fire occurred in Pennsylvania. Georgia does not have any interest in litigating this lawsuit as to MAI since MAI did not do anything to direct any activity in regard to the subject McLaren at Georgia. It offends the traditional notions of fair play and substantial justice to force MAI to litigate this matter in Georgia based on the facts at issue herein. The serious burden on MAI is clearly outweighed by minimal interests on the part of Plaintiff or Georgia in litigating this action in Georgia.

As such, asserting jurisdiction over MAI in Georgia offends the traditional notions of fair play and substantial justice and this motion should be granted.

## IV.    JURISDICTIONAL DISCOVERY WOULD BE FUTILE

The Court should not allow jurisdictional discovery because there are no facts that Plaintiff could possibly discover that would establish that this Court has personal jurisdiction over MAI in this action.

Regarding general jurisdiction, there is no dispute that MAI is organized under the laws of Delaware, and its principal place of business is in Texas as Plaintiff's complaint alleges those facts. Compl., ¶ 2; Dahlberg Decl., ¶ 6. As *Daimler* states, "it is hard to see why much in the way of discovery would be needed to determine

-14-

whether a corporation is at home." *Daimler*, 571 U.S. at 139 n. 20.

Plaintiff's allegations concerning specific personal jurisdiction fare no better. Plaintiff's own complaint alleges it is a resident of Florida, its insured purchased the subject McLaren in Mississippi, and the fire occurred in Pennsylvania. Further, MAI established the subject McLaren was not distributed, designed, manufactured, assembled, or sold in Georgia. Dahlberg Decl., ¶¶ 6, 7. "'Where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery.'" *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995)). MAI not only specifically denies but has refuted Plaintiff's allegations concerning jurisdiction over MAI in this action.

There are, in short, no facts that can be discovered that would operate to confer general or specific personal jurisdiction over MAI in Georgia in regard to this incident. No amount of burdensome, unnecessary, and/or expensive discovery will change any of the established and undisputed facts.

## V.    CONCLUSION

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no

meaningful 'contacts, ties, or relations."' *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *Int'l Shoe*, 326 U.S. at 319). Without some meaningful relationship "among the defendant, the forum, and the litigation," *Helicopteros*, 466 U.S. at 414, there is no compelling or allowable basis for asserting jurisdiction.

For the reasons stated above, MAI respectfully requests that this Court quash the service of the summons and complaint and enter an order dismissing all claims as to MAI for lack of personal jurisdiction.

Respectfully submitted this 1st day of June 2022.

/s/ Christopher Shaun Polston
Christopher Shaun Polston
Georgia Bar No. 737821
*Attorney for Specially-Appearing*
*Defendant, McLaren Automotive, Inc.*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone:  (404) 322-6000
Facsimile:   (404) 322-6050
Email: shaun.polston@nelsonmullins.com

## <u>CERTIFICATE OF COMPLIANCE</u>

In accordance with Local Rule 7.1(D), this is to certify that the foregoing was prepared using Times New Roman font (14 point), which is one of the font and points selections approved by the Court in Local Rule 5.1(C).

This 1st day of June, 2022.

/s/ *Christopher Shaun Polston*
Christopher Shaun Polston
Georgia Bar No. 737821
*Attorney for Specially-Appearing*
*Defendant, McLaren Automotive, Inc.*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone:   (404) 322-6000
Facsimile:   (404) 322-6050
Email: shaun.polston@nelsonmullins.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 1, 2022, I electronically filed the foregoing document using the CM/ECF system which will automatically send notification of such filing to any attorneys of record to this matter by CM/ECF system, as denoted on the Electronic Mail Notice List.

This 1st day of June, 2022.

/s/ *Christopher Shaun Polston*
Christopher Shaun Polston
Georgia Bar No. 737821
*Attorney for Specially-Appearing*
*Defendant, McLaren Automotive, Inc.*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone:   (404) 322-6000
Facsimile:    (404) 322-6050
Email: shaun.polston@nelsonmullins.com