## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF GEORGIA
## ATLANTA DIVISION

AMERICAN FAMILY HOME
INSURANCE COMPANY, as
Subrogee of Adrian Biesecker,

      Plaintiff,

    v.

MCLAREN AUTOMOTIVE, INC.;
and KRAUSE FAMILY
MOTORCARS, LLC,

      Defendants.

Civil Action No.
1:22-cv-01392-LMM

### DEFENDANT MCLAREN AUTOMOTIVE, INC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT AND
### CROSS-CLAIM AGAINST KRAUSE FAMILY MOTORCARS, LLC

Defendant McLaren Automotive, Inc. ("MAI" or "Defendant"), by and through

its undersigned counsel, hereby submits its Answer and Affirmative Defenses to the

Complaint of Plaintiff American Family Home Insurance Company, as Subrogee of

Adrian Biesecker ("Plaintiff"), and cross-claims against cross-defendant Krause

Family Motorcars, LLC ("Krause") as follows:

### AFFIRMATIVE DEFENSES

MAI alleges, on information and belief, the following affirmative and other

-1-

defenses to the Complaint as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded. By alleging the following defenses, MAI does not assume any burden of production, proof, or persuasion as to such defenses not otherwise imposed by law. Moreover, nothing herein stated is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiff's allegations. MAI reserves the right to plead any and all affirmative defenses that may become evident or appreciated after investigation and discovery in this matter.

## FIRST DEFENSE

Plaintiff's unverified Complaint fails to state facts sufficient to constitute a cause of action against MAI.

## SECOND DEFENSE

There was no breach of warranty to the extent that Plaintiff's concerns were not covered under the warranty, were resolved under the warranty or occurred after the expiration of the original express limited warranty.

## THIRD DEFENSE

Plaintiff and/or others misused, abused, altered and/or improperly cared for and maintained the subject vehicle contrary to MAI's approval or consent, and Plaintiff's damages, if any, were proximately caused by such misuse, alteration, abuse and

neglect of the product.

## FOURTH DEFENSE

The damages asserted in Plaintiff's unverified Complaint were not the result of any defect in material or workmanship in any vehicle distributed by MAI. Specifically, MAI alleges that, after appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

## FIFTH DEFENSE

Plaintiff's claims may be barred and/or limited by the application of apportionment of fault.

## SIXTH DEFENSE

MAI has acted in good faith and reasonably with respect to the matters alleged in Plaintiff's Complaint.

## SEVENTH DEFENSE

Plaintiff's causes of action and claims may be barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH DEFENSE

Plaintiff's causes of action and claims may be barred, in whole or in part, by the doctrine of unclean hands.

## NINTH DEFENSE

Plaintiff's causes of action and claims may be barred, in whole or in part, by the doctrine of laches.

## TENTH DEFENSE

Plaintiff's causes of action and claims may be barred, in whole or in part, due to the action of third parties and not from any breach of warranty attributable to MAI.

## ELEVENTH DEFENSE

Plaintiff's causes of action and claims were proximately caused or contributed to by intervening or superseding acts of other persons and/or entities.

## TWELFTH DEFENSE

MAI is not responsible for any damages or losses to Plaintiff that were proximately caused or contributed to by circumstances beyond MAI's control or which could not have been anticipated, including but not limited to, acts of God, natural disasters, acts of government, or other intervening acts outside the control of MAI.

## THIRTEENTH DEFENSE

Plaintiff's causes of action and claims may be barred, in whole or in part, because MAI has fully performed, discharged, and satisfied all obligations and duties imposed upon it by law and any applicable regulations.

## FOURTEENTH DEFENSE

The subject vehicle did not deviate from any applicable design specifications and/or performance standards.

## FIFTEENTH DEFENSE

Plaintiff's action for breach of warranty may be barred by the terms, conditions, disclaimers and exclusions of the warranty, if any; moreover, Plaintiff has failed to comply with all obligations under the warranty, if any, including, but not limited to, timely notice, proper maintenance and appropriate use.

## SIXTEENTH DEFENSE

The McLaren Vehicle Limited Warranty is a limited warranty and not a full warranty as defined by 15 U.S.C. § 2303. Plaintiff's claims for relief are limited to remedies of a limited warranty.

## SEVENTEENTH DEFENSE

This Court lacks personal jurisdiction over MAI and, therefore, this action should be dismissed.

## EIGHTEENTH DEFENSE

MAI alleges that it may have additional affirmative defenses available to it of which it is not now fully aware. MAI reserves the right to assert affirmative defenses after the same shall have been ascertained.

## NINETEENTH DEFENSE

MAI responds to the specific allegations of Plaintiff's Complaint, in accordance with the order and number of paragraphs in which they are alleged as follows:

1. Answering Paragraph 1 of the Complaint, MAI lacks sufficient information and belief to admit or deny the allegations contained therein.

2. Answering Paragraph 2 of the Complaint, MAI admits it is a Delaware corporation with its principal place of business in the State of Texas and it is qualified to do business in the State of Georgia. MAI denies it manufactures automobiles and that it is responsible for the sale or service on the subject vehicle as it is a distributor of new, unused McLaren vehicles to authorized McLaren dealers.

3. Answering Paragraph 3 of the Complaint, MAI admits Krause Family Motorcars, LLC dba McLaren Atlanta is an authorized McLaren dealership at 7865 Roswell Road in Atlanta, Georgia.  MAI lacks sufficient information and belief to admit or deny the remaining allegations contained in Paragraph 3 of the Complaint.

4. Answering Paragraph 4 of the Complaint, MAI lacks sufficient information and belief to admit or deny the allegations contained therein.

5. Answering Paragraph 5 of the Complaint, MAI lacks sufficient information and belief to admit or deny the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, MAI admits Plaintiff's

Complaint alleges a claim under the Magnuson-Moss Warranty – Federal Trade Commission Improvements Act. MAI lacks sufficient information and belief to admit or deny the remaining allegations contained therein.

7.    Answering Paragraph 7 of the Complaint, MAI denies that it is subject to this Court's personal jurisdiction with respect to this action. MAI lacks sufficient information and belief to admit or deny the remaining allegations contained therein.

8.    Answering Paragraph 8 of the Complaint, MAI lacks sufficient information and belief to admit or deny the allegations contained therein.

9.    Answering Paragraph 9 of the Complaint, MAI admits it is a distributor of McLaren vehicles in the United States.

10.    Answering Paragraph 10 of the Complaint, MAI lacks sufficient information and belief to admit or deny the allegations contained therein.

11.    Answering Paragraph 11 of the Complaint, MAI admits Exhibit 1 attached to Plaintiff's Complaint appears to be a copy of a McLaren written limited warranty for a McLaren vehicle. MAI lacks sufficient information and belief to admit or deny the remaining allegations contained therein.

12.    Answering Paragraph 12 of the Complaint, MAI lacks sufficient information and belief to admit or deny the allegations contained therein.

13.    Answering Paragraph 13 of the Complaint, MAI lacks sufficient

information and belief to admit or deny the allegations contained therein.

14.     Answering Paragraph 14 of the Complaint, MAI admits Krause Family Motorcars, LLC dba McLaren Atlanta is an authorized McLaren dealership at 7865 Roswell Road in Atlanta, Georgia.  MAI admits that Krause Family Motorcars, LLC dba McLaren Atlanta was authorized to perform warranty repairs on the subject 2021 McLaren 765LT pursuant to the McLaren Dealer Sales and Service Agreement. MAI denies that the fuel system repair that is the subject of this action was covered by the McLaren limited vehicle warranty and further denies that MAI authorized the non-warranty repair to the fuel system.  MAI further denies that Krause Family Motorcars, LLC acted as an authorized agent for MAI and all remaining allegations contained therein.

15.     Answering Paragraph 15 of the Complaint, MAI denies the allegations contained therein.

16.     Answering Paragraph 16 of the Complaint, MAI admits, as a distributor, authorized McLaren dealerships are provided with access to an online dealer portal that would contain warranty repair information and service bulletins related to the repair and service of McLaren vehicles.  MAI denies the remaining allegations contained therein.

17.     Answering Paragraph 17 of the Complaint, MAI lacks sufficient

information and belief to admit or deny the allegations contained therein.

18.     Answering Paragraph 18 of the Complaint, MAI admits the statements are contained within the work order prepared by Krause Family Motorcars, LLC. MAI denies the remaining allegations contained therein.

19.     Answering Paragraph 19 of the Complaint, MAI lacks sufficient information and belief to admit or deny the allegations contained therein.

20.     Answering Paragraph 20 of the Complaint, MAI lacks sufficient information and belief to admit or deny the allegations contained therein.

21.     Answering Paragraph 21 of the Complaint, MAI denies that the fuel system repair that is the subject of this action was covered by the McLaren limited vehicle warranty.  MAI lacks sufficient information and belief to admit or deny the remaining allegations contained in Paragraph 21 of the Complaint.

22.     Answering Paragraph 22 of the Complaint, MAI lacks sufficient information and belief to admit or deny the allegations contained therein.

23.     Answering Paragraph 23 of the Complaint, MAI lacks sufficient information and belief to admit or deny the allegations contained therein.

24.     Answering Paragraph 24 of the Complaint, MAI lacks sufficient information and belief to admit or deny the allegations contained therein.

25.     Answering Paragraph 25 of the Complaint, MAI lacks sufficient

information and belief to admit or deny the allegations contained therein.

## COUNT ONE
## NEGLIGENCE
### (Against Krause and McLaren)

26.    Answering Paragraph 26 of the Complaint, MAI incorporates its responses to Paragraphs 1-25 as though fully set forth herein.

27.     Answering Paragraph 27 of the Complaint, the allegations are not directed at MAI and thus no response is required.

28.     Answering Paragraph 28 of the Complaint, the allegations are not directed at MAI and thus no response is required.

29.     Answering Paragraph 29 of the Complaint, MAI denies the allegations contained therein.

30.    Answering Paragraph 30 of the Complaint, MAI denies the allegations contained therein.

31.    Answering Paragraph 31 of the Complaint, MAI denies the allegations contained therein.

32.    Answering Paragraph 32 of the Complaint, MAI denies the allegations contained therein.

33.    Answering Paragraph 33 of the Complaint, MAI denies the allegations contained therein.

## COUNT TWO
## VIOLATION OF MAGNUSON-MOSS WARRANTY – FEDERAL TRADE COMMISSION IMPROVEMENT ACT, 15 U.S.C. §§ 2301 et seq.
### (Against Krause and McLaren)

34.     Answering Paragraph 34 of the Complaint, MAI incorporates its responses to Paragraphs 1-33 as though fully set forth herein.

35.     Answering Paragraph 35 of the Complaint, MAI lacks sufficient information and belief to admit or deny the allegations contained therein.

36.     Answering Paragraph 36 of the Complaint, the allegations in this paragraph contain conclusions of law and no response is required.

37.     Answering Paragraph 37 of the Complaint, the allegations are not directed at MAI and thus no response is required.

38.     Answering Paragraph 38 of the Complaint, the allegations in this paragraph contain conclusions of law and no response is required.

39.     Answering Paragraph 39 of the Complaint, MAI denies the allegations contained therein.

40.     Answering Paragraph 40 of the Complaint, MAI denies the allegations contained therein.

41.     Answering Paragraph 41 of the Complaint, MAI denies the allegations contained therein.

42.     Answering Paragraph 42 of the Complaint, MAI denies the allegations

contained therein.

43.     Answering Paragraph 43 of the Complaint, MAI denies the allegations contained therein.

44.     Answering Paragraph 44 of the Complaint, MAI denies the allegations contained therein.

**COUNT THREE**
**BREACH OF EXPRESS WARRANTY**
**(Against Krause and McLaren)**

45.     Answering Paragraph 45 of the Complaint, MAI incorporates its responses to Paragraphs 1-44 as though fully set forth herein.

46.      Answering Paragraph 46 of the Complaint, MAI lacks sufficient information and belief to admit or deny the allegations contained therein.

47.     Answering Paragraph 47 of the Complaint, MAI denies the allegations contained therein.

48.     Answering Paragraph 48 of the Complaint, MAI denies the allegations contained therein.

49.     Answering Paragraph 49 of the Complaint, MAI denies the allegations contained therein.

50.     Answering Paragraph 50 of the Complaint, MAI denies the allegations contained therein.

51.     Answering Paragraph 51 of the Complaint, MAI denies the allegations contained therein.

## **PRAYER FOR RELIEF**

52.     Answering the Prayer of the Complaint, including all sub-parts thereof, MAI denies Plaintiff is entitled to judgment or any damages against MAI.

## **ANSWERING ALL ALLEGATIONS**

Any allegation not specifically admitted herein is denied. Except as expressly admitted or otherwise expressly stated above, MAI denies all allegations of the Complaint and denies that Plaintiff is entitled to any relief from MAI.

## **DEMAND FOR JURY TRIAL**

Defendant McLaren Automotive, Inc. hereby demands a jury trial on all issues appropriate for jury determination.

**WHEREFORE**, Defendant McLaren Automotive, Inc. avers that Plaintiff is not entitled to the relief demanded in the Plaintiff's Complaint, and this Defendant, having fully answered, prays that this action against it be dismissed and that it be awarded its costs in defending this action and that it be granted such other and further relief as the Court deems just and appropriate.

## CROSS-CLAIM OF MCLAREN AUTOMOTIVE, INC. AGAINST KRAUSE FAMILY MOTORCARS, LLC

Defendant and Cross-Claimant McLaren Automotive, Inc. ("MAI"), by and through its undersigned counsel, hereby cross-claims against cross-defendant KRAUSE FAMILY MOTORCARS, LLC ("Krause"), as follows:

### COUNT ONE
### EQUITABLE INDEMNITY
#### (Against Krause)

1.      Plaintiff's complaint herein alleges among other things, that Plaintiff is entitled to damages against Krause herein.  MAI contends it is in no way liable for the events and occurrences described in Plaintiff's complaint.  Plaintiff's complaint is incorporated herein by reference as if set forth fully, solely for the purpose of demonstrating Plaintiff's allegations and not for the purpose of alleging the truth of the matters therein as to MAI.

2.      MAI alleges that in the event it is found liable to Plaintiff, or to anyone else, as a result of the incidents and occurrences described in Plaintiff's complaint, that MAI's liability will be based solely upon a derivative, secondary and passive form of liability not resulting from the primary or active conduct of MAI, but only from an obligation imposed upon it by law and that MAI would, therefore, be entitled to total and complete indemnity from Krause.

**COUNT TWO**
**COMPARATIVE INDEMNITY**
**(Against Krause)**

3.     MAI re-alleges and incorporates herein by reference each allegation contained in Paragraphs 1 through 2.

4.     MAI is informed and believes and thereupon alleges that Krause was legally responsible in whole or in part for the damages, if any, alleged to have been suffered by Plaintiff.  In the event that MAI is held liable to Plaintiff, Krause is required to pay to MAI a sum equal to all or part of the sums ordered to be paid to Plaintiff by MAI.

**COUNT THREE**
**CONTRACTUAL INDEMNITY**
**(Against Krause)**

5.     MAI re-alleges and incorporates herein by reference each allegation contained in Paragraphs 1 through 4.

6.     Krause entered into written and/or oral contracts and/or agreements with MAI and/or its Assignor(s) in which Krause agreed in each such contract and/or agreement to indemnify and hold MAI harmless for any damages caused by Krause's acts or omissions.

7.     MAI is informed and believes and, upon such information and belief, alleges that Plaintiff's damages, if any, were directly and proximately caused and

contributed to by the acts, omissions, fault, and/or negligence, and/or other actionable conduct of Krause in breaching such terms and warranties in the respective agreement(s) with MAI.

8.    MAI is informed and believes, and upon such information and belief, alleges that any and all claims, liability, obligations, or causes of action set forth in and arising out of Plaintiff's complaint, the claims, liability, obligations, or causes of action are within the indemnity provisions in each respective agreement entered into by Krause and MAI, which provides Krause will:

> Assume the legal defense of McLaren (including reimbursing McLaren for reasonable attorneys' fees incurred with counsel of McLaren's choosing and costs incurred by it in defending any covered matter) and to indemnify McLaren against any settlement or money judgment, less any offset recovered by McLaren, in any legal action naming McLaren as a defendant where such legal action relates to: (a) an alleged failure by the Dealer to comply, in whole or in part, with any obligation assumed by the Dealer pursuant to the Dealer Agreement, (b) the Dealer's alleged negligent or improper repairing or servicing of McLaren Products, or such other motor vehicles or equipment as may be sold or serviced by the Dealer, (c) the Dealer's alleged breach of any contract between the Dealer and the Dealer's customer, vendor or agent, (d) the Dealer's alleged misrepresentation or misleading statement, either direct or indirect, to any customer of the Dealer, (e) any aspect of the Dealer's management or execution of Dealership Operations, including, but not limited to any legal actions filed by current or former employees, agents or vendors of the Dealer, or (f) any aspect of the Dealer's business or other actions of the Dealer, other than as related to its performance under this Agreement. McLaren may, at its sole option and expense, participate in defending any such lawsuit.

9.     MAI's prior tender of its defense to Krause was ignored/rejected and MAI hereby again tenders its defense of Plaintiff's action and the cross-claim herein to Krause.

10.     MAI was compelled to incur attorney's fees, investigative fees, court, and other costs to protect itself in this litigation, and has, therefore, been damaged as a result of the breaches of Krause and its respective duties and obligations under the agreements.  The amount of this damage is not known, and there will be further expenditures in order for MAI to respond to the claims of Plaintiff.

## COUNT FOUR
## DECLARATIVE RELIEF
### (Against Krause)

11.     MAI re-alleges and incorporates herein by reference each allegation contained in Paragraphs 1 through 10.

12.     By the complaint herein, Plaintiff alleges it was damaged by MAI under various theories of liability.  MAI denies that it is liable to Plaintiff, that Plaintiff was damaged, that Plaintiff is entitled to recover by reason of its complaint, otherwise, or at all.  However, MAI anticipates it is legally possible that judgment could be rendered in favor of Plaintiff and against MAI.  If a judgment is rendered against MAI, MAI alleges that Plaintiff's damages, if any, were proximately caused, in whole or in part, by the fault or conduct of Krause, all to MAI's damage; that MAI is entitled

to indemnity against Krause in accordance with the respective fault, if any, of all parties herein.

13.     An actual controversy exists in that MAI contends it is entitled to indemnity, in whole or in part and/or according to the percentages of fault, if any, of the parties herein in causing or contributing to the damages, if any, allegedly sustained by the Plaintiff herein.  MAI is informed and believes and thereon alleges that Krause contends to the contrary.

**WHEREFORE**, MAI prays for judgment as follows:

1.      That MAI has total and complete indemnity from Krause with respect to any and all judgments rendered against it;

2.      For judgment for all or part of any sums for which MAI is held to be liable to Plaintiff from Krause;

3.      For a declaration of rights as to all parties herein as to the percentages of fault, if any, in causing or contributing to the damages, if any, of Plaintiff;

4.      For a declaration of rights as to the duty of Krause to indemnify MAI;

5.      That MAI recover its costs and disbursements herein; and

6.      That MAI recover its attorney's fees and expenses incurred in connection with the defense of the Plaintiff's claims herein.

Respectfully submitted this 12th day of December, 2022.

*/s/ Christopher Shaun Polston*
Christopher Shaun Polston
Georgia Bar No. 737821
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone:   (404) 322-6000
Facsimile:   (404) 322-6050
Email: shaun.polston@nelsonmullins.com

Lisa M. Gibson (*Admitted Pro Hac Vice*)
Ryan E. Cosgrove (*Admitted Pro Hac Vice*)
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Telephone:   (424) 221-7400
Facsimile:   (424) 221-7499
Email: lisa.gibson@nelsonmullins.com
          ryan.cosgrove@nelsonmullins.com

*Attorneys for Defendant,*
*McLaren Automotive, Inc.*

## <u>CERTIFICATE OF COMPLIANCE</u>

In accordance with Local Rule 7.1(D), this is to certify that the foregoing was prepared using Times New Roman font (14 point), which is one of the font and points selections approved by the Court in Local Rule 5.1(C).

This 12th day of December, 2022.

<u>*/s/ Christopher Shaun Polston*</u>
Christopher Shaun Polston
Georgia Bar No. 737821
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone:   (404) 322-6000
Facsimile:    (404) 322-6050
Email: shaun.polston@nelsonmullins.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 12, 2022, I electronically filed the foregoing document using the CM/ECF system which will automatically send notification of such filing to any attorneys of record to this matter by CM/ECF system, as denoted on the Electronic Mail Notice List.

This 12th day of December, 2022.

*/s/ Christopher Shaun Polston*
Christopher Shaun Polston
Georgia Bar No. 737821
**NELSON MULLINS RILEY &**
**SCARBOROUGH LLP**
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone:   (404) 322-6000
Facsimile:   (404) 322-6050
Email: shaun.polston@nelsonmullins.com
