IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN FAMILY HOME INSURANCE COMPANY, as Subrogee of Adrian Biesecker,<br><br>Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC., and KRAUSE FAMILY MOTORCARS, LLC,<br><br>Defendants. | Civil No. 1:22-CV-01392-LMM |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT KRAUSE FAMILY MOTORCARS, INC. FOR FAILING TO MAKE RULE 26(a) DISCLOSURES AND FOR VIOLATING THE COURT'S ORDER TO MAKE DISCLOSURES**

Pursuant to Federal Rules of Civil Procedure 26 and 37, and Local Rule 7.1, Plaintiff American Family Home Insurance Company, as Subrogee of Adrian Biesecker, presents this memorandum of law in support of its motion for sanctions against Defendant Krause Family Motorcars, LLC ("Krause"), for refusing to make Rule 26(a) disclosures and for violating the Court's order, dated December 1, 2022, that Krause produce all outstanding disclosures, documents and responses within ten

1

days. Specifically, Plaintiff requests the exclusion of testimony from any witness (including expert witnesses) who have not been properly disclosed pursuant to Rule 26(a) as of the filing of this motion.

## I. FACTUAL BACKGROUND

The subject vehicle fire occurred on April 21, 2021. [*See* attached Affidavit of Clint McCord at ¶ 7.] A joint examination of the vehicle was conducted by the parties to this action on May 25, 2021. [*Id.*] Investigator Patrick Earley participated in the joint exam on behalf of Krause. [*Id.*] That was nearly nineteen months ago.

Plaintiff filed this action on April 8, 2022. The parties' Rule 26(a)(1) Initial Disclosures were due on July 1. On July 6, having not received any Rule 26(a) disclosures from Krause, Plaintiff served its first sets of discovery requests on Krause, which included a request that Krause produce "all expert reports intended to contradict or rebut any opinions or evidence in the report of [Plaintiff's expert] Dennis Mignogno." [*See* attached Affidavit of Clint McCord at Ex. 1.] Krause did not serve any expert reports, or any responses, or anything at all in response to Plaintiff's discovery requests. And it still refused to make any Initial Disclosures.

After an extended effort to get Krause to produce anything, conducted over a lengthy email exchange between counsel, on August 25, counsel for Plaintiff enlisted the help of Courtroom Deputy Brittany Poley, pursuant to the Court's Standing Order Regarding Civil Litigation. [*See* McCord Ex. 3.] With the

assistance of Ms. Poley, counsel for Krause committed to making its Rule 26(a)(1) Initial Disclosures on **September 26** making its Rule 26(a)(2) Expert Disclosures by **September 30**. [*Id.*]

September 26 and 30 came and went with no disclosures and no excuse. Over the next two months, counsel for Plaintiff (with the continued involvement and assistance of Ms. Poley) attempted to get Krause to make its Rule 26(a) disclosures. [McCord Ex. 3.] Despite repeated promises to do so, Krause made no Rule 26(a) disclosures for over two months.

On December 1, 2022, the Court *sua sponte* issued an order directing Krause to produce all outstanding disclosures and discovery responses within ten (10) days. [See Dkt. No. 35.] The order warned: "Failure to do so by this deadline may result in sanctions." [*Id.*] In justifying its warning of potential sanctions, the Court stated: "Despite promises to produce relevant documents and discovery responses in a timely manner, Defendant Krause Family Motorcars, LLC has failed to do so." [*Id.*]

On December 12, Krause produced written responses to Plaintiff's request for production, and some pages of documents, but still did not make *any* Rule 26(a) disclosures. [McCord Aff. Ex. 3.] In its written response to Plaintiff's discovery request for Krause's expert reports, Krause stated: "Defendant is currently in possession of no such report." [McCord Aff. Ex. 2 at response No. 32.] Despite the fact that Krause had retained its expert prior to the May 25, *2021*, joint vehicle

3

examination, in the intervening nineteen months, which included discovery requests seeking expert reports, an extended meet and confer, repeated promises, and a ***court order***, Krause apparently made no effort to obtain an expert report on a vehicle fire that happened a year-and-a-half ago. And it has made no effort to compile and produce the basis Initial Disclosures in the case.

On the morning of December 13, 2022, Ms. Poley sent an email to counsel for all parties in which she granted permission for Plaintiff to "file a motion for sanctions" against Krause for its ongoing refusal/failure to make Rule 26(a) disclosures. [McCord Ex. 3.] Twenty-four minutes after Ms. Poley's email, counsel for Krause called counsel for Plaintiff and requested that counsel hold off on filing the motion for sanctions until December 14 (presumably to allow time for Krause to make its Rule 26(a) disclosures). Late in the afternoon on December 13, Krause's counsel served via email "Krause Family Motorcars' Expert Disclosure." [McCord Ex. 4.] The "Disclosure" simply contains the name of Patrick Earley (who has been Krause's expert for nineteen months), and the following statements:

> Mr. Earley participated in a joint inspection of the vehicle in 2021 and is expected to offer testimony as to the nature and extent of the damage to the vehicle and the causes of the damage. Mr. Earley's photographs and notations from the inspection are attached to this disclosure.
>
> ***Mr. Earley has not yet completed a formal report; it is in process and will be provided to other parties as soon as possible.***

[McCord Ex. 4; emphasis added.]

This is obviously not a proper disclosure under Rule 26(a)(2) as it contains

no written report. It doesn't even provide any new information – Plaintiff was aware of Mr. Earley's identity nineteen months ago (as of the May 2021 joint vehicle examination). As of the filing of this motion, Krause made **no** mention Rule 26(a)(1) Initial Disclosures, which are now five-and-a-half months late. There is no conceivable excuse that can be made for the failure to make basic Initial Disclosures.

## II.   LEGAL AUTHORITY FOR SANCTIONS

Federal Rule of Civil Procedure 26(a)(1) requires a party to timely disclose:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

F.R.C.P. 26(a)(1)(A)(i).

Rule 26(a)(2) requires a party to timely disclose all expert witnesses it may use a trial. Such disclosure "***must***" be accompanied by a ***written report*** that contains, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them..." F.R.C.P. 26(a)(2)(B) (emphasis added).

Local Rule 26.2(C) ("Expert Witness") states:

> Any party who desires to use the testimony of an expert witness shall designate the expert sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert and, if desired, to name its own expert witness sufficiently

in advance of the close of discovery so that a similar discovery deposition of the second expert might also be conducted prior to the close of discovery.

***Any party who does not comply with the provisions of the foregoing paragraph shall not be permitted to offer the testimony of the party's expert, unless expressly authorized by Court order based upon a showing that the failure to comply was justified***.

Local Rule 26.2(C) (emphasis added).

Federal Rule of Civil Procedure 37 states (in relevant part for this motion):

**(b) Failure to Comply with Order.**
. . .

(2) <u>Sanctions by Court in Which Action is Pending</u>. If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or rule 35, ***or if a party fails to obey an order entered under Rule 26(f)***, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
. . .

(B) ***An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence***;
. . .

(D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;
. . .

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the

failure was substantially justified or that other circumstances make an award of expenses unjust.

**(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.**

(1) A party that *without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) shall not, unless such failure is harmless, be permitted to use as evidence at a trial*, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

F.R.C.P. 37 (emphasis added).

Rule 37 "gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders..." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (1993).  Sanctions up to and including default are appropriate where the failure to obey a court order for discovery is *not* the result of "simple negligence, misunderstanding, or inability to comply..." *Id*.  See *Morrison v. Mann*, 244 F.R.D. 668, 675 (N.D. Ga. 2007) (excluding expert testimony that was disclosed at the end of the discovery period).  "[T]he sanction of *exclusion* is *automatic and mandatory* unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Salgado by Salgado v. GMC*, 150 F.3d 735, 742 (1998) (emphasis added).

7

### III. KRAUSE'S CONTINUED REFUSAL TO MAKE RULE 26(a) DISCLOSURES, EVEN WHEN ORDERED BY THE COURT, IS NEITHER JUSTIFIED NOR HARMLESS; EXCLUSION IS THE PROPER SANCTION.

As outlined above, and in the attached Affidavit of Clint McCord, Krause agreed to a deadline of September 26 to make its (already three-month late) Initial Disclosures and a deadline of September 30, 2022, to make its Expert Disclosures. After missing the deadlines with no excuse offered, for the next *two months*, Krause made repeated promises to make productions and designations, and broke all of them. Even after the Court stepped in and *ordered* Krause to produce *all* outstanding discovery material (including all Rule 26(a) disclosures), Krause *still did not obey*. It has now been nineteen months since Krause's expert attended the joint examination of the subject vehicle, over eight months since this action was filed, over five months since Krause's Rule 26(a)(1) Initial Disclosures were due, and eight weeks past the deadline that Krause agreed to make its Rule 26(a)(2) Expert Disclosures. For nearly six months the case has essentially been frozen, that time wasted, as the parties cannot take any depositions when they do not even know who Krause's witnesses are (as it has made no Rule 26(a) Initial Disclosures).

Under these circumstances, no reasonable argument can be made that Krause's ongoing failure/refusal to make its Rule 26(a) disclosures is in any way justifiable. To the contrary, the continuing lack of any apparent effort to gather relevant information to make the disclosures – even after a court order threatening

sanctions – appears to border on bad faith.

Krause's ongoing failure/refusal to make its disclosures has severely prejudiced Plaintiff. The discovery deadline is January 6, 2023. Even if Krause made full and complete designations today, it would not leave enough time to arrange for depositions of the myriad witnesses, including experts, over the holiday season. Under the circumstances, the sanction of exclusion of all testimony from any witness not yet properly disclosed under Rule 26(a) and this Court's December 1 Order (including expert witness Patrick Earley), is proper and justified. Anything less would risk making a mockery of the rules.

WHEREFORE, Plaintiff American Family Home Insurance Company, as Subrogee of Adrian Biesecker, respectfully requests that the Court grant its motion, and enter an Order excluding Defendant Krause from introducing any testimony of any witness, including expert witness Patrick Earley, not yet properly disclosed.

    Respectfully submitted,

    PLAINTIFF AMERICAN HOME INSURANCE
    COMPANY as subrogee of Adrian Biesecker,
    By its attorneys:

    /s/ *Marie Cheung-Truslow*   .
    Marie Cheung-Truslow (admitted *pro hac vice*)
    Clint McCord (admitted *pro hac vice*)
    **Law Offices of Marie Cheung-Truslow**
    Phone: (617) 777-4748
    Fax: (617) 553-1940
    marie@cheungtruslowlaw.com
    clint@cheungtruslowlaw.com

<u>Office Address:</u>
101 Arch Street, 8th Floor
Boston, MA 02110

<u>Mailing Address</u>**:**
19 Tobisset Street
Mashpee, MA 02649

Eric D. Miller
**Miller Insurance Law Enterprise**
115 Perimeter Center Place, Suite 430
South Terraces
Atlanta, GA 30346

## **CERTIFICATE OF COMPLIANCE**

In accordance with Local Rule 7.1(D), this is to certify that the foregoing was prepared using Times New Roman font (14 point), which is one of the font and points selections approved by the Court in Local Rule 5.1(C).

This 14th day of December, 2022.

/s/ *Clint McCord*                    .
Clint McCord (admitted *pro hac vice*)
**Law Offices of Marie Cheung-Truslow**
Phone: (617) 777-4748
Fax: (617) 553-1940
clint@cheungtruslowlaw.com

Office Address:
101 Arch Street, 8th Floor
Boston, MA 02110

Mailing Address:
19 Tobisset Street
Mashpee, MA 02649

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2022, I electronically filed the foregoing document using the CM/ECF system which will automatically send notification of such filing to any attorneys of record to this matter by CM/ECF system, as denoted on the Electronic Mail Notice List:

Adam Klein
Fain, Major & Brennan
One Premier Plaza
5605 Glenridge Drive NE, Suite 900
Atlanta, GA 30342
aklein@adamkleinlaw.com
cthomas@fainmajor.com

Ryan E. Cosgrove
Lisa Gibson
Christopher Shaun Polson
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
ryan.cosgrove@nelsonmullins.com
lisa.gibson@nelsonmullins.com
shaun.polston@nelsonmullins.com


Dated: December 14, 2022

>               /s/ *Clint McCord*                .
> Clint McCord (admitted *pro hac vice*)
> **Law Offices of Marie Cheung-Truslow**
> Phone: (617) 777-4748
> Fax: (617) 553-1940
> clint@cheungtruslowlaw.com
>
> Office Address:
> 101 Arch Street, 8th Floor

Boston, MA 02110

<u>Mailing Address</u>:
19 Tobisset Street
Mashpee, MA 02649