# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| AMERICAN FAMILY HOME | ) | |
| INSURANCE COMPANY, | ) | |
| as Subrogee of ADRIAN BIESECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO.:  1:22-CV-01392-LMM |
| | ) | |
| MCLAREN AUTOMOTIVE, INC. and | ) | |
| KRAUSE FAMILY MOTORCARS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT KRAUSE FAMILY MOTORCARS' RESPONSE TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

### PRELIMINARY STATEMENT

A.      The following responses are based upon information presently available to Defendant.  Defendant believes this information to be correct.  Said responses are made without prejudice to Defendant's right to utilize subsequently discovered facts.

B.      No incidental or implied admissions of fact by Defendant are made by the responses below.  The only admissions are express admissions.  The fact the Defendant has answered any request for production of documents herein may not be taken as an admission that the Defendant accepts or admits the existence of any fact set forth or assumed by such request for production of documents, or that such response constitutes admissible evidence.  The fact that Defendant has answered part of or all of any request for production of documents is not intended to, and shall not be construed to be, a waiver by Defendant of all or any part of any objection to any request for production of documents made by Defendant.

1

C.     Answers to these request for production of documents will be supplemented upon Defendant's investigation and acquisition of information which Defendant does not either possess or recall at this time only in accordance with the Georgia Civil Practice Act.  Defendant objects to Plaintiff's request for production of documents to the extent that they may seek supplementation broader than that required by the Georgia Civil Practice Act.

## DOCUMENT INDEX

The attached documents have been provided in PDF format and will be referred to by number in the following responses.

| # | File Name |
|---|-----------|
| 1 | AFHIC_0262-0309 - Dealer Agreement.pdf |
| 2 | Convo with expert re_ NEFCO report_211008681597.pdf |
| 3 | Invoices.pdf |
| 4 | McLaren Dealer Sales & Service Agreement_211009450574.pdf |
| 5 | McLaren expert report_211009545516.pdf |
| 6 | SCB 14 K 001 WI - McLaren 720S - Fuel Hose Replacement; Fuel Tank to Engine Work Instruction.pdf |
| 7 | Tech Training Courses.pdf |
| 8 | Text Messages.pdf |
| 9 | Vehicle Pictures.pdf |

## RESPONSES TO REQUESTS FOR DOCUMENT PRODUCTION

1.  *All DOCUMENTS and COMMUNICATIONS (including all e-mails and text messages) that mention or relate to any of the following:*
    a.  *Adrian Boedecker;*
    b.  *James Branton;*
    c.  *the SUBJECT AUTOMOBILE;*
    d.  *any work performed on the SUBJECT AUTOMOBILE (including under Motorcars of Atlanta R/O No. 6010352);*
    e.  *the request and/or delivery of any parts for any work on the SUBJECT AUTOMOBILE;*
    f.  *the SUBJECT AUTOMOBILE fire on April 24, 2021;*
    g.  *the investigation of the SUBJECT AUTOMOBILE fire;*
    h.  *any warranty claim or coverage for the SUBJECT AUTOMOBILE;*
    i.  *any indemnity for any of Plaintiff's claims in this case.*

**Response:**     See attached documents 1-9.

   2.   *All ESI (including all e-mails and text messages) created between March*
        *23, 2021, and the present that mention any of the following:*
        a.   *"Biesecker";*
        b.   *the McLaren automobile with VIN "SBM14RCAXMW765597";*
        c.   *"James Branton";*
        d.   *Motorcars of Atlanta R/O No. "6010352";*
        e.   *"Motorcars of Jackson" or "Jeremy Ory".*

**Response:**     See attached documents 2,3,5,6,8,9.

   3.   *All DOCUMENTS, COMMUNICATIONS, and ESI (including all e-mails and*
        *text messages) sent between any KRAUSE representatives and any*
        *representatives of any McLaren entity that mention or relate to any of the*
        *following:*
        a.   *Adrian Biesecker;*
        b.   *James Branton;*
        c.   *the SUBJECT AUTOMOBILE;*
        d.   *any work performed on the SUBJECT AUTOMOBILE (including*
             *under Motorcars of Atlanta R/O No. 6010352);*
        e.   *the request and/or delivery of any parts for any work on the SUBJECT*
             *AUTOMOBILE;*
        f.   *the SUBJECT AUTOMOBILE fire on April 24, 2021;*
        g.   *the investigation of the SUBJECT AUTOMOBILE fire;*
        h.   *any warranty claim or coverage for the SUBJECT AUTOMOBILE;*
        i.   *any indemnity for any of Plaintiff's claims in this case.*

**Response:**     See attached documents 1-9.

   4.   *All DOCUMENTS, COMMUNICATIONS, and ESI (including all e-mails and*
        *text messages) sent between Isaac Robles and Jeremy Ory between March 23,*
        *2021, and the present.*

**Response:**     Defendant objects to this request on the grounds that it is overbroad and not
targeted toward the production of discoverable information. Subject to and without waiving
such objection, see attached document 8.

   5.   *All DOCUMENTS, COMMUNICATIONS, and ESI (including all e-mails and*
        *text messages) sent to or received from Adrian Biesecker between March 23,*
        *2021, and the present.*

**Response:**     See attached document 8.

3

6.   *Copies of all contracts in effect on March 24, 2021, to which KRAUSE and McLaren Automotive, Inc., are both parties, including dealership agreements.*

**Response:**   See attached document 4.

7.   *Copies of all policies, procedures, manuals, instructions, specifications, and guidelines that KRAUSE relied on, referred to, used, or applied in performing work on the SUBJECT AUTOMOBILE.*

**Response:**   See attached document 6.

8.   *Copies of all orders and requests for any parts for the SUBJECT AUTOMOBILE, and all responses to such orders and requests.*

**Response:**   See attached document 3.

9.   *All photographs and videos of the SUBJECT AUTOMOBILE.*

**Response:**   See attached document 9.

10.  *All reports prepared by any third party, including any governmental entity, that mentions or relates to the SUBJECT AUTOMOBILE.*

**Response:**   Defendant is currently in possession of no such documents.

11.  *All DOCUMENTS that support the "FIRST DEFENSE" in KRAUSE's Answer.*

**Response:**   Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

12.  *All DOCUMENTS that support the "SECOND DEFENSE" in KRAUSE's Answer.*

**Response:**   Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

13. *All DOCUMENTS that support the "THIRD DEFENSE" in KRAUSE's Answer.*

**Response:**    Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

14. *All DOCUMENTS that support the "FOURTH DEFENSE" in KRAUSE's Answer.*

**Response:**    Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

15. *All DOCUMENTS that support the "FIFTH DEFENSE" in KRAUSE's Answer.*

**Response:**    Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

16. *All DOCUMENTS that support the "SIXTH DEFENSE" in KRAUSE's Answer.*

**Response:**    Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.

5

Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

> 17. All DOCUMENTS that support the "SEVENTH DEFENSE" in KRAUSE's Answer.

**Response:**     Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

> 18. All DOCUMENTS that support the "EIGHTH DEFENSE" in KRAUSE's Answer.

**Response:**     Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

> 19. All DOCUMENTS that support the "NINTH DEFENSE" in KRAUSE's Answer.

**Response:**     Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

> 20. All DOCUMENTS that support the "TENTH DEFENSE" in KRAUSE's Answer.

**Response:**     Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation

or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

21. *All DOCUMENTS that support the "ELEVENTH DEFENSE" in KRAUSE's Answer.*

**<u>Response:</u>**     Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

22. *All DOCUMENTS that support the "TWELFTH DEFENSE" in KRAUSE's Answer.*

**<u>Response:</u>**     Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

23. *All DOCUMENTS that support the "THIRTEENTH DEFENSE" in KRAUSE's Answer.*

**<u>Response:</u>**     Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

24. *All DOCUMENTS that support the "FOURTEENTH DEFENSE" in KRAUSE's Answer.*

**<u>Response:</u>**     Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

     25. *All DOCUMENTS that support the "FIFTEENTH DEFENSE" in KRAUSE's Answer.*

**<u>Response:</u>**     Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

     26. *All DOCUMENTS that support the "SIXTEENTH DEFENSE" in KRAUSE's Answer.*

**<u>Response:</u>**     Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

     27. *All DOCUMENTS that support the "SEVENTEENTH DEFENSE" in KRAUSE's Answer.*

**<u>Response:</u>**     Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

28. All DOCUMENTS that support the "EIGHTEENTH DEFENSE" in
    KRAUSE's Answer.

**Response:**      Defendant objects to this request on the grounds that it seeks
information/documentation which was prepared and/or obtained in anticipation of litigation
or that which is protected by the attorney work product and/or attorney client privilege, or
that which reveals the thought process, mental impressions, or legal theories of counsel.
Defendant also objects to this Request on the grounds that it is overly broad, unduly
burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not
reasonably calculated to lead to the discovery of admissible evidence. Subject to and
without waiving these objections, see attached documents 1-9.

29. All DOCUMENTS that support the "NINETEENTH DEFENSE" in
    KRAUSE's Answer.

**Response:**      Defendant objects to this request on the grounds that it seeks
information/documentation which was prepared and/or obtained in anticipation of litigation
or that which is protected by the attorney work product and/or attorney client privilege, or
that which reveals the thought process, mental impressions, or legal theories of counsel.
Defendant also objects to this Request on the grounds that it is overly broad, unduly
burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not
reasonably calculated to lead to the discovery of admissible evidence. Subject to and
without waiving these objections, see attached documents 1-9.

30. All DOCUMENTS that support the "TWENTIETH DEFENSE" in KRAUSE's
    Answer.

**Response:**      Defendant objects to this request on the grounds that it seeks
information/documentation which was prepared and/or obtained in anticipation of litigation
or that which is protected by the attorney work product and/or attorney client privilege, or
that which reveals the thought process, mental impressions, or legal theories of counsel.
Defendant also objects to this Request on the grounds that it is overly broad, unduly
burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not
reasonably calculated to lead to the discovery of admissible evidence. Subject to and
without waiving these objections, see attached documents 1-9.

31. Copies of all expert reports required by Federal Rule of Civil Procedure
    26(a)(2).

**Response:**      Defendant is currently in possession of no such report.

32. Copies of all expert reports intended to contradict or rebut any opinions or
    evidence in the report of Dennis J. Mignogno dated June 7, 2021.

**Response:**      Defendant is currently in possession of no such report.

*33. All exhibits and other DOCUMENTS that support, and/or were referred to in preparing, any reports produced in response to Interrogatory No. 31 or Interrogatory No. 32 herein.*

**Response:**    Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Request on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached documents 1-9.

Respectfully submitted, this 12th day of December, 2022.

FAIN, MAJOR & BRENNAN, P.C.

*/s/ Adam J. Klein*

ADAM J. KLEIN
Georgia Bar No. 425032
Counsel for Defendant Krause Family Motorcar, LLC

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| AMERICAN FAMILY HOME | ) | |
| INSURANCE COMPANY, as Subrogee | ) | |
| of ADRIAN BIESECKER, | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO.:  1:22-CV-01392-LMM |
| | ) | |
| MCLAREN AUTOMOTIVE, INC. and | ) | |
| KRAUSE FAMILY MOTORCARS, LLC, | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing ***Defendant Krause Family Motorcars' Responses to the Plaintiff's Requests for Document Production*** with the Clerk of Court using *Pacer* which will automatically send e-mail notification of such filing to all parties of record as follows:

Eric D. Miller, Esq.
Miller Insurance Law Enterprise
115 Perimeter Center Place
Suite 430
South Terraces
Atlanta, GA 30346
emiller@mileatlanta.com

Marie Cheung-Truslow
Clint McCord
Law Offices of Marie Cheung-Truslow
19 Tobisset Street
Mashpee, MA 02649
marie@cheungtruslowlaw.com
clint@cheungtruslowlaw.com

McLaren Automotive, Inc.
c/o CT Corporation System
289 S Culver Street
Lawrenceville, GA 30046

Respectfully submitted, this 12th day of December, 2022.

FAIN, MAJOR & BRENNAN, P.C.
*/s/ Adam J. Klein*

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342

ADAM J. KLEIN
Georgia Bar No. 425032
Counsel for Defendant Krause Family
Motorcars, LLC

11