**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| AMERICAN FAMILY HOME INSURANCE COMPANY, as Subrogee of Adrian Biesecker, <br><br> Plaintiff, <br><br> v. <br><br> MCLAREN AUTOMOTIVE, INC., and KRAUSE FAMILY MOTORCARS, LLC, <br><br> Defendants. | Civil No. 1:22-CV-01392-LMM |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
SECOND MOTION FOR SANCTIONS AGAINST
DEFENDANT KRAUSE FAMILY MOTORCARS, INC.**
_____

Plaintiff American Family Home Insurance Company, as Subrogee of Adrian Biesecker ("Plaintiff"), submits this memorandum in support of its Second Motion for Sanctions against Defendant Krause Family Motorcars, LLC ("Krause").  As explained herein, Krause has violated three separate Orders to produce disclosures and discovery.  The last of those Orders, issued on January 24, 2023, "**CAUTIONED** that future violations are likely to result in entry of default." Despite the warning, Krause violated the Order.  The time for default has arrived. Given Krause's conduct to date (detailed herein), any lesser sanction would have no

effect on this defendant.

Plaintiff also requests the exclusion of the testimony of Krause's expert witness, Patrick Early, and the striking of Krause's defenses.

## I.   **FACTUAL BACKGROUND**

On April 15, 2021, Plaintiff issued an insurance policy to Adrian Biesecker, insuring a supercar – a 2021 McLaren 765LT – for $529,000.00.  Compl. (Dkt. No. 1) at ¶ 24.  Mr. Biesecker had just purchased the vehicle for $529,900.00.  *Id*. at ¶ 8.

Prior to delivery of the McLaren, Krause performed service work on the McLaren; it was in Krause's possession from March 24 through April 14, 2021.  *See* work order of Motorcars of Atlanta (Krause's dealership) at Exhibit 11 of Affidavit of Marie Cheung-Truslow.  The work performed by Krause/Motorcars of Atlanta involved work on the McLaren's fuel system, including installing "hose-fuel feed-tank" .  *Id*.  When Krause released the McLaren from its possession, it had 145 miles on the odometer.  *Id*.

On April 24, 2021[1], Mr. Biesecker drove the new McLaren to a local gas station for the first time since taking delivery.  Compl. at ¶ 23.  Immediately after starting to put fuel into the vehicle, fuel leaked from the McLaren's fuel system and it erupted into flames, and was destroyed.  *Id*. at ¶ 23.

---

[1] / The Complaint states the date of the fire was April 21, 2021. That is a scrivener's error.

On May 25, 2021, a joint inspection of the burned-out McLaren was conducted by experts for Plaintiff and both Defendants.  *See* Exhibit 1 to Cheung-Truslow Aff. at pp. 20-21.  Patrick Earley attended on behalf of Krause.  *Id.*

As a result of the April 24, 2021, fire, Plaintiff paid its insured, Adrian Biesecker, $529,682.92 less Mr. Biesecker's $2500 out-of-pocket deductible.  Compl. at ¶ 24.

## II.   PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on April 8, 2022.  Dkt. No. 1.  Defendant McLaren was served on May 11, 2022, Krause on May 19.  Dkt. Nos. 8 and 9.  McLaren made its appearance, and filed a motion to dismiss, on June 1.  Dkt. No. 10.  Krause made its appearance, and filed an Answer, on June 6.  Dkt. No. 13.

### A.   Krause Has Missed Eight Separate Deadlines and Violated Three Court Orders to Produce Disclosures and Discovery Responses.

Under Local Rule 26.1, the parties' Initial Disclosures were due on July 1, 2022 (30 days after McLaren's appearance).  L.R. 26.1(A) ("The parties to civil actions shall make the initial disclosures required by Fed. R. Civ. P. 26(a)(1) at or within thirty (30) days after the appearance of a defendant by answer or motion.")  In its July 5 Scheduling Order, the Court ordered that the parties abide by the "time limits... as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court."  Dkt. No. 27 at p. 2.  Plaintiff and McLaren made timely disclosures on July 1 (Plaintiff's disclosures also included its Expert Disclosures).  Dkt. Nos. 24 and 25.

Krause failed to make the required disclosures (its first missed deadline). ***The Scheduling Order is the first Court Order to produce discovery responses that Krause violated***.

Having still not received Krause's Rule 26 disclosures, on July 6, 2022, Plaintiff served its first sets of discovery on Krause (interrogatories, requests for production, requests for admission). Dkt. No. 30. Plaintiff's requests for production included a request that Krause produce "all expert reports intended to contradict or rebut any opinions or evidence in the report of [Plaintiff's expert] Dennis Mignogno." *See* Ex. 2 to Cheung-Truslow Aff. at p. 6 (Request No. 32). Krause's responses to Plaintiff's discovery were due on August 5, 2022 (30 days after the requests were served). Krause missed the deadline for its discovery responses (its second missed deadline).

On August 19, 2022, having still received <u>no</u> disclosures and <u>no</u> discovery responses from Krause, counsel for Plaintiff sent an email to Krause's counsel requesting a date certain for Krause's discovery and disclosures. *See* Ex.6 to Cheung-Truslow Aff. at p. 14. Krause's counsel did not respond to the request so, on August 25, Plaintiff's counsel enlisted the help of the Court by e-mailing the Courtroom Deputy to Judge May, per the Court's Standing Order. *Id.* at pp. 13-14.

On August 26, counsel for Krause committed to serving Krause's outstanding Initial Disclosures and discovery responses by September 26, 2022. *Id.* at p. 12.

Krause's counsel further committed to serving Krause's Expert Disclosures by September 30, 2022.  *Id*. at p. 10.  Krause missed the September 26 deadline, and also the September 30 deadline (its third and fourth missed deadlines).

After three weeks of fruitless follow-up requests by Plaintiff's counsel to Krause's counsel, on October 21, Plaintiff's counsel again reached out to Judge May's Courtroom Deputy for assistance in obtaining Krause's disclosures and discovery, none of which had been served (nearly four months after they were due). On October 24, Krause served answers to interrogatories and requests for admission, but still no Initial or Expert Disclosures, and no documents (or written responses to document requests).[2]  On that day, Krause's counsel emailed the Courtroom Deputy and opposing counsel, promising to produce Krause's "compilation of documents" to Plaintiff "within the next 24 hours."  *See* Ex. 6 to Cheung-Truslow Aff. at p. 8-9. Twenty-four hours came and went with nothing further from Krause.  (This was Krause's fifth missed deadline.)

On October 27, 2022, having still received none of Krause's Initial Disclosures or Expert Disclosures, or any documents (or written responses to document requests), Plaintiff's counsel again enlisted the assistance of the Courtroom Deputy.  *See* Ex. 6 to Cheung-Truslow Aff. at p. 8.  At the Deputy's

---

[2] Twenty out of twenty-five of Krause's responses to interrogatories contained nothing but boilerplate objections.  This issue is addressed more fully in subsection (B) below.

request, Krause's counsel committed to serving its outstanding responses on October 28. *Id*. at pp. 7. Krause did not serve any discovery or disclosures on October 28 (its sixth missed deadline).

On October 31, Judge May's Deputy sent an email to counsel for Krause, stating: "The Court expects Defendant [Krause] to complete production in the next 10 days. Please let the Court know if you think this will be a problem." *Id*. at p. 7. Krause's counsel did not respond to the e-mail, and also did not serve anything within ten days. *Id*. Krause missed another deadline, this one Court-mandated (its seventh missed deadline).

On November 18, having still not received any disclosures or documents from Krause, Plaintiff's counsel sent yet another email enlisting the assistance of Judge May's Deputy. *Id*. at p. 6. On November 21, the Deputy sent an email requesting that Krause provide a response by November 22. *Id*. at p. 5. On November 22, Krause's counsel sent an email stating: "I have cleared my calendar today to ensure that the remaining responses will be sent to opposing counsel by close of business." *Id*. at p. 5. Krause's counsel sent nothing by close of business on November 22 (its eighth missed deadline).

On November 30, Krause finally served documents on Plaintiff. But the "production" was nothing more than Krause sending Plaintiff its own documents (previously produced to Krause) and *McLaren's* expert report. *Id*. at p. 4. (In other

words, it was no production at all.)  And Krause still had served no disclosures, no Initial Disclosures and no Expert Disclosures, which at that point were five and three months overdue, respectively.  *Id.*

On December 1, 2022, the Court issued an Order to Krause that stated:

> Despite promises to produce relevant documents and discovery responses in a timely manner, Defendant Krause Family Motorcars, LLC has failed to do so. The Court hereby ORDERS that these documents and responses are to be produced within 10 days of the date of this order. ***Failure to do so by this deadline may result in sanctions***.

Dkt. No. 35 (emphasis added).

On December 12, Krause served written responses to Plaintiff's requests for production, and some pages of documents.  *See* Ex. 6 to Cheung-Truslow Aff. at pp. 2-3.  However, Krause still served no disclosures – no Initial Disclosures and no Expert Disclosures.  ***The December 1 Order is the <u>second</u> Court Order to produce discovery responses that Krause violated.***

In light of Krause's ongoing (and unexcused) failure to make Initial or Expert Disclosures, on December 13, the Court authorized Plaintiff to "file a motion for sanctions."  *Id.* at p. 2.  Plaintiff filed its motion for sanctions the following day, seeking exclusion of Krause's expert (Patrick Earley) and its undisclosed percipient witnesses.  Dkt. No. 37.  While the motion was pending, on December 28, Krause

served Initial Disclosures and an expert report by Mr. Earley.[3]  In its opposition to Plaintiff's first motion for sanctions, Krause made the following certification to the Court:  "Defendant has now produced the required discovery to Plaintiff."  Dkt. No. 38 at pp. 1-2.

The Court declined to issue an exclusion sanction against Krause, and re-opened discovery another six weeks to allow Plaintiff to depose Krause's witnesses. *See* Order dated January 24, 2023 (Dkt. No. 40 and Ex. 3 to Cheung-Truslow Aff.) at p. 4.  In its January 24 Order, the Court made clear that, after "Krause's profligate failures to respond to Plaintiff's demands for discovery and to comply with a lawful Order of the Court," Krause had reached the end of the road on violating its discovery obligations:

> The Court finds that Krause's failure to make Rule 26(a) disclosures and properly respond to discovery requests is plainly sanctionable. As Plaintiff points out, the production was months overdue, and Krause does not dispute that it failed to comply with the Court's December 1 Order.
> …
> Krause and its counsel are further **CAUTIONED** that future violations are likely to result in entry of default.

Dkt. No. 40 and Cheung-Truslow Ex. 3 at pp. 3-4.  The Court issued a sanction of Plaintiff's attorney's fees.  The reticence to impose harsher sanctions appears to have been based, at least in part, on Krause's representation to the Court that it had

---

[3]/ Krause's disclosures, in addition to being very late, were also inadequate and in violation of Local Rule 26, as explained fully in section B below.

"produced the required discovery to Plaintiff," for the Court stated:

> The Court finds that Krause's failure to make Rule 26(a) disclosures and properly respond to discovery requests is plainly sanctionable. As Plaintiff points out, the production was months overdue, and Krause does not dispute that it failed to comply with the Court's December 1 Order. Be that as it may, it is the strong preference of courts in this circuit—including this Court—to decide cases on their merits. Moreover, ***Krause has certified that it has produced the outstanding discovery***, and there is little reason to believe that briefly reopening discovery for the limited purpose of allowing Plaintiff to depose witnesses would not cure any prejudice Plaintiff might otherwise experience as a result of Krause's delays in production.

Dkt. No. 40 (Cheung-Truslow Ex. 3) at pp. 3-4 (emphasis added).

As explained below in Section B, Krause's representation that it had produced the "required discovery" to Plaintiff was so inaccurate as to be wholly misleading. In fact, Krause withheld much of the discovery "required" by the Federal and Local Rules.

Immediately after the Order was entered, on January 24, Plaintiff's counsel emailed counsel for Krause to arrange for the depositions of Krause's witnesses:

> We would like to take the depositions of the following Krause witnesses on February 27 and 28 in Atlanta: Max Landes, Brandon Saszi, Derick Lee, Patrick Earley. Those are the only two consecutive days we have for the depositions within the next six weeks (the Court's extension period for discovery). We are flexible in the order of the witnesses, though we would like to take Mr. Earley's deposition on Feb. 28, after the other witnesses. I will send formal notices this week.

*See* Ex. 4 to Cheung-Truslow Aff.

On January 27, Plaintiff served formal notices for the depositions of Krause's witnesses (three percipient witnesses and Krause's expert witness – Patrick Earley).

*See* Ex. 5 to Cheung-Truslow Aff.  All depositions were noticed for in-person appearance on February 27 and 28 at Plaintiff's local counsel's offices in Atlanta, and the depositions were to be videotaped.  *Id.*

On February 26 (the day before the depositions were scheduled), Plaintiff's lead counsel traveled from Boston to Atlanta, prepared to take all four in-person depositions.  *See* Cheung-Truslow Aff. at ¶ 13.  On February 27, Plaintiff commenced the deposition of Krause employee Derrek Lee (although he arrived at 10:15 a.m. instead of 9:00 a.m.).  *Id.*  During the lunch break on February 27, and just before the 1:30 p.m. start of the second deposition of the day, counsel for Krause announced – for the first time – that Krause's expert witness (Patrick Earley) would <u>not</u> be appearing in person at 9:00 a.m. the following day (February 28).  *Id.*  In lieu of producing the properly noticed witness, Krause's counsel merely offered a remote Zoom deposition.  *Id.*  That being unacceptable to Plaintiff's counsel, she offered to delay Mr. Earley's deposition from the morning of February 28 to the afternoon, to give him an opportunity to make travel plans to attend in person.  *Id.*  The offer was declined; Mr. Earley would not appear on the following day, or <u>any</u> day before the end of discovery (already extended by six weeks).  *Id.*  No legitimate excuse (*e.g.*, serious illness, family emergency) was provided.  *Id.*

**This is the <u>third</u> Court Order violated by Krause (and one which expressly warned of the likelihood of default as a penalty for violation).**

After the latest violation, Judge May's Courtroom Deputy invited Plaintiff to "Please file a motion [for sanctions]." *See* Cheung-Truslow Aff. Ex. 6 at p. 1.

## B.    When Krause Did Finally Serve Disclosures and Discovery Responses, they Were Wholly Inadequate Under the Rules.

On October 24, 2022, Krause served (over two months late) its answers to Plaintiff's interrogatories. *See* Ex. 8 to Cheung-Truslow Aff.  Out of the 25 interrogatories, Krause only provided substantive answers to five of them.  *Id.* Twenty of the interrogatories sought "all facts that support" each of the defenses listed in Krause's Answer.  In addition to other boilerplate objections, in each of those answers Krause objected that such information was protected as privileged, and provided <u>no</u> facts.  *Id.* at Krause Responses Nos. 6-25.  The interrogatories simply sought the basic facts supporting Krause's defenses in the case.  Krause's withholding of such information as privileged underscores the pattern of dilatory and bad faith conduct.

On December 28, 2022, while Plaintiff's first motion for sanctions was pending, Krause served its Initial Disclosures and the expert report of Patrick Earley (three months late).  *See* Ex. 1 and Ex. 10 to Cheung-Truslow Aff.  Both sets of disclosures were inadequate under the Rules.

Federal Rule of Procedure 26 requires that expert reports contain the following information:

(i)   a complete statement of all opinions the witness will

express and the basis and reasons for them;

(ii)   the facts or data considered by the witness in forming them;

(iii)  any exhibits that will be used to summarize or support them;

(iv)  the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v)   a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi)  a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Mr. Earley's report omitted <u>any</u> information in categories iv through vi (and only thinly addressed categories i and ii). Information concerning Mr. Early's compensation for his testimony is relevant to potential bias. A listing of cases in which Mr. Early has testified as an expert would allow Plaintiff to locate that testimony, as it might be relevant to this case. His qualifications are certainly relevant as to whether he has the requisite expertise to testify as an expert. Accordingly, Mr. Early's report did not comply with the requirements of Rule 26.

On December 28, Krause also produced skeletal Initial Disclosures. *See* Ex. 10 to Cheung-Truslow Aff. In this district, a defendant's Initial Disclosures must contain "a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading."

(https://www.gand.uscourts.gov/sites/default/files/NDGARulesAppB.pdf)  Despite

listing twenty separate defenses in its Answer, Krause did not provide a "detailed"

(or any) factual basis for any of them, but rather a single conclusory statement:

"Krause states that its actions taken in repair of the vehicle were not the cause of the

fire."  Ex. 10 to Cheung-Truslow Aff. at p. 2.  Krause's bare statement is wholly

inadequate under the Local Rules.  And the prejudice caused by Krause's failure to

provide the required information is compounded by its refusal to provide the same

information in its interrogatory responses, as highlighted above.

The Local Rules also require a defendant to disclose all documents relevant to

its defense:

> Provide a copy of, or description by category and location of,
> all documents, data compilations or other electronically stored
> information, and tangible things in your possession, custody,
> or control that you may use to support your claims or defenses
> unless solely for impeachment, identifying the subjects of the
> information. (Attach document list and descriptions to Initial
> Disclosures as Attachment C.)

https://www.gand.uscourts.gov/sites/default/files/NDGARulesAppB.pdf

Krause's Initial Disclosures instruct Plaintiff to "See Attachment C" for its

description of documents, but there was no Attachment C (and no information about

any documents).  *See* Ex. 10 to Cheung-Truslow Aff. at pp. 3 and 7.

Krause's blatant inattention to its Initial Disclosures, and the glaring

omissions of required information, is but further evidence of a consistent disregard

for, and pattern of conduct to thwart, its discovery obligations.

13

## III.   <u>Default is the Appropriate Sanction for Krause's Consistently Flagrant Violations of Court Orders and Federal and Local Rules Concerning Discovery</u>.

Entry of default is the appropriate sanction for Krause's ongoing pattern of bad faith conduct in ignoring (eight) promised deadlines and violating (three) Court Orders.  Even counting just the Court Orders it has violated, Krause has already had <u>three</u> <u>strikes</u>, and should be called out.  Moreover, on December 28, Krause certified to the Court (in its response to Plaintiff's first motion for sanctions) that "Defendant has now produced ***the required discovery*** to Plaintiff."  Dkt. No. 38 at pp. 1-2 (emphasis added).  As explained above, Krause certainly has <u>not</u> produced the information "required" by the Federal and Local Rules (to the extent it produced any information at all).

Plaintiff has been prejudiced by Krause's bad faith conduct.  Having received severely late discovery and disclosures (most of which reveal no substantive information), Plaintiff is unable to prepare for a trial in this matter, or even adequately complete its portion of a joint pretrial order.  Discovery (already extended once to accommodate Krause) is now over, and there is no reason to think that extending it yet again would have <u>any</u> effect on Krause's ongoing violations of its discovery obligations.  (And Plaintiff should not be required, yet again, to postpone resolution of its claims to give Krause a fourth bite at the apple.)  Krause's refusal and/or inability to produce its expert witness for deposition (even on 30 days'

14

notice) only serves to compound the prejudice to Plaintiff, as it cannot prepare rebuttal testimony or a *Daubert* challenge.

"Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express v. Piper*, 447 U.S. 752, 764 (1980) (internal citation and marks omitted). As this court has said:

> [A] court is not required to impose lesser sanctions before imposing the severe sanction of striking a pleading, dismissing a case, or entering a default judgment when the court finds that less drastic sanctions would be ineffective. Rule 37 does not require the vain gesture of first imposing those ineffective lesser sanctions.

*Rios v. Quality Restoration LLC*, 2021 U.S. Dist. LEXIS 138169, *6-7, No. 1:20-cv-2922-ELR-JSA (N.D. Georgia July 9, 2021) (citation omitted).

The Eleventh Circuit has articulated a two-part analysis for determining when to end a party's case as a sanction: "There must be both a clear record of willful conduct and a finding that lesser sanctions are inadequate." *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). In this case, as detailed above, Krause's pattern of ignoring deadlines and violating court orders is so pervasive that it would necessarily require willful conduct to have been achieved. One or two missed deadlines could be attributed to negligence; eleven (including multiple court orders) cannot be anything other than a calculated strategy. For the same reason, lesser

sanctions (which have already been threatened and, in the case of attorney's fees, awarded) would have absolutely no effect on Krause.  Default is the final option.

Rule 37(b)(2)(C) authorizes "the defendant's answers and entering a default judgment" where the party "fails to obey an order to provide or permit discovery..." *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (1993).  Violation of a discovery order caused by "simple negligence, misunderstanding, or inability to comply will not justify a Rule 37 default judgment or dismissal."  *Id.*  The *Malautea* court affirmed judgment entered against a defendant who violated multiple court orders to provide discovery.  *Id.* at 1543-1544.  In this case, Krause has also violated multiple court orders to provide discovery (along with eight other promised deadlines).  That does not happen as a result of "simple negligence, misunderstanding, or inability to comply."  As in *Malautea*, default judgment is the appropriate sanction in this case.  *See also Phipps v. Blakeney*, 8 F.3d 788, 791-792 (11th Cir. 1993) (affirming dismissal for violations of multiple court orders).

In *Maus v. Ennis*, 513 Fed. Appx. 872, 878 (11th Cir. 2013), the court affirmed default judgment for violation of a <u>single</u> discovery order.  In this case, again, Krause has violated multiple orders (the last one of which expressly warned of default as the next sanction).

In *Doe v. Noushad*, 2020 U.S. Dist. LEXIS 265370, No. 1:18-cv-5307-LMM (N.D. Georgia July 10, 2020) this Court struck an answer and ordered default

judgment for a defendant's "repeated failures" to engage in discovery, including withholding discovery and failing to appear for noticed deposition, which the Court found amounted "to willful disobedience of the Court's orders and demonstrates his bad faith." *Id.* at *7. Just as in this case, the Court provided the defendant with a stern warning in a prior order that the next violation would "likely" result in default. *Id.* at *6. The next violation occurred; default is the appropriate sanction for it.

In this case, there is no dispute that Krause has repeatedly violated the Court's Orders (including one with an express warning of "likely" sanction of default), along with the Federal Rules of Civil Procedure, and Local Rules. And there can be no reasonable dispute that the violations were willful. "All that is required to demonstrate willfulness, bad faith, and fault is disobedient conduct not shown to be outside the control of the litigant." *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

Under the circumstances detailed herein, given the number of missed deadlines and broken promises, it cannot be credibly argued that Krause has ***not*** acted willfully and without excuse. At this late date, after so many transgressions, there is no reason to think that any sanction ***other*** than default would have any effect on Krause's behavior (or future litigants).

## IV.     Exclusion of Krause's Expert, Patrick Early, is Also Appropriate Under the Circumstances.

Plaintiff requests that Krause's expert, Patrick Early, be excluded from

testifying and his report stricken.  "A party is obligated to attend a properly noticed deposition."  *Cato v. FIFECO Prop. Mgmt. LLC*, 2013 U.S. Dist. LEXIS 201566, *8, No. 1:11-CV-4017-CAP-ECS (N.D. Georgia April 23, 2013) (citations omitted).  "A proper notice 'must state the time and place of the deposition' and 'the method for recording the testimony.'"  *Id.* citing Fed. R. Civ. P. 30(b)(1), (3)(A).

In this case, Plaintiff served Krause with notice of Mr. Early's deposition on January 27, 2023, a full month before the scheduled date of February 28.  The notice was entirely proper in format in that it set forth the date, time, location, and method for recording the deposition.  *See Cato, supra,* at *8.

As described above, Mr. Earley's expert report was woefully deficient under the rules.  His failure to appear for deposition compounded those deficiencies, rendering preparation of an effective rebuttal impossible.  There is no legitimate excuse for his failure to appear in person for a deposition that was noticed a full month in advance (and none was offered).

The deficiency of the expert disclosure and the failure of the expert to appear for his deposition has severely prejudiced Plaintiff's ability to discover Krause's defenses.  At this late juncture, with discovery ending today, Plaintiff will not have an opportunity to rebut Mr. Early's testimony, to challenge his qualifications or his opinions, or the facts upon which he relies.  It would be a "trial by fire" which is contrary to the Federal and Local Rules.

**V.   Krause's Twenty Unsupported Defenses Should be Stricken.**

As detailed above, Krause refused to provide any facts supporting any of the twenty defenses included in its Answer, either in its late interrogatory responses or its very late Initial Disclosures.  Accordingly, Plaintiff further requests that all of Krause's defenses be stricken.  "[C]ompliance with the [discovery] requirements of Rule 26 is not merely aspirational."  *Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008).  A party who fails to make required discovery disclosures under Federal Rule of Civil Procedure 26(a) or (e) "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37(c)(1); *see Adams v. Warner Heinrichs & BWG Transp. Ltd.*, 2022 U.S. Dist. LEXIS 168943, 1:20-cv-04899-JPB, *12-13 (N.D. Georgia Sept. 19, 2022).

WHEREFORE, Plaintiff American Family Home Insurance Company respectfully requests that the Court grant its second motion for sanctions as follows:

1.   Impose an order of Default against Krause; and set this matter for an assessment of damages;

2.   Order that the testimony and opinions of Patrick Early be stricken;

3.   Order that Krause's defenses be stricken;

4.   Award Plaintiff its attorney's fees for the preparation and filing of this motion; and

5.   Award any other relief the Court deems just.

Respectfully submitted,

PLAINTIFF AMERICAN HOME INSURANCE
COMPANY as subrogee of Adrian Biesecker,
By its attorneys:

 /s/ Marie Cheung-Truslow                .
Marie Cheung-Truslow (admitted pro hac vice)
Clint McCord (admitted pro hac vice)
**Law Offices of Marie Cheung-Truslow**
Phone: (617) 777-4748
Fax: (617) 553-1940
marie@cheungtruslowlaw.com
clint@cheungtruslowlaw.com

Office Address:
101 Arch Street, Suite 800 Floor
Boston, MA 02110
Eric D. Miller
**Miller Insurance Law Enterprise**
115 Perimeter Center Place, Suite 430
South Terraces
Atlanta, GA 30346

## **CERTIFICATE OF COMPLIANCE**

In accordance with Local Rule 7.1(D), this is to certify that the foregoing was prepared using Times New Roman font (14 point), which is one of the font and points selections approved by the Court in Local Rule 5.1(C).

This 7th day of March, 2023.

/s/ Clint McCord         .
Clint McCord

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2023, I electronically filed the foregoing document using the CM/ECF system which will automatically send notification of such filing to any attorneys of record to this matter by CM/ECF system, as denoted on the Electronic Mail Notice List:

Adam Klein
Fain, Major & Brennan
One Premier Plaza
5605 Glenridge Drive NE, Suite 900
Atlanta, GA 30342
aklein@adamkleinlaw.com
cthomas@fainmajor.com

Ryan E. Cosgrove
Lisa Gibson
Christopher Shaun Polson
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
ryan.cosgrove@nelsonmullins.com
lisa.gibson@nelsonmullins.com
shaun.polston@nelsonmullins.com

Dated: March 7, 2023

/s/ Clint McCord            .
Clint McCord