

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| AMERICAN FAMILY HOME INSURANCE COMPANY, *as subrogee of* Adrian Biesecker, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:22-cv-01392-LMM |
| KRAUSE FAMILY MOTORCARS, LLC, and MCLAREN AUTOMOTIVE, INC., | : : : : | |
| Defendants. | : : | |

## <u>ORDER</u>

This case comes before the Court on Plaintiff American Family Home

Insurance Company's motion for sanctions against Defendant Krause Family

Motorcars, LLC ("Krause") for failing to make disclosures required under

Rule 26(a) of the Federal Rules of Civil Procedure and for violating the Court's

Order to make disclosures. Dkt. No. [37]. After due consideration, the Court

enters the following Order.

## I.    BACKGROUND

The matter came before the Court on December 1, 2022, on a discovery

dispute between the parties. Dkt. No. [35]. Despite promises to Plaintiff to

produce relevant documents and discovery responses in a timely manner, Krause

had failed to do so. <u>Id.</u> The Court therefore ordered that the documents and

responses be produced by December 11, 2022. <u>Id.</u> The Court additionally warned that failure to timely comply with the Order could result in sanctions. <u>Id.</u>

On December 14, 2022, Plaintiff filed the motion for sanctions that is presently before the Court. Dkt. No. [37]. In the motion, Plaintiff alleges that Krause failed to comply with the Court's December 1 Order; that Krause still refuses to make Rule 26(a) disclosures or produce expert reports; and that Krause has failed to produce all outstanding disclosures, documents, and responses. Dkt. No. [37-1] at 1. Plaintiff requests as a sanction the exclusion of testimony from any witness, including expert witnesses, who had not been properly disclosed pursuant to Rule 26(a) as of the filing of the motion. <u>Id.</u> at 2.

In response, Krause's counsel concedes that discovery production in this matter has been severely delayed. Dkt. No. [38]. He states that the delay was attributable entirely to himself, not to Krause; that the delay in the production of the expert report resulted from a misunderstanding on his part, which was exacerbated by the reassignment of the matter to a different claims adjuster with Krause's insurer; and that the required discovery has now been produced. <u>Id.</u> He further argues that it would not be in the interest of justice to punish Krause for its attorney's lapse. <u>Id.</u>

Plaintiff did not file a reply brief.

## II.   DISCUSSION

Plaintiff requests that the Court sanction Krause pursuant to Rule 37 of the Federal Rules of Civil Procedure for Krause's failure to comply with Rule 26. Dkt.

No. [37]. Where, as here, a party has failed to obey an order compelling production, the Court may enter an order "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence." Fed. R. Civ. P. 37(b)(2)(A)(ii). Similarly, where a party, "without substantial justification," has failed to make initial disclosures, respond to discovery requests, or supplement discovery responses as required under Rule 26(a) and (e), the Court may preclude the party from using that evidence at trial. Fed. R. Civ. P. 37(b)(2)(C). Additionally, after giving an opportunity to heard, the Court may then "order payment of the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(c). The Court may impose attorney-fee sanctions on the party, the attorney, or both. Fed. R. Civ. P. 37(a)(5)(A).

Rule 37 "gives district judges broad discretion to fashion appropriate sanctions for violation of discovery orders." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). The Court is therefore allowed "a 'range of choice . . . so long as that choice does not constitute a clear error of judgment.' " Fuentes v. Classica Cruise Operator Ltd., 32 F.4th 1311, 1321 (11th Cir. 2022).

The Court finds that Krause's failure to make Rule 26(a) disclosures and properly respond to discovery requests is plainly sanctionable. As Plaintiff points out, the production was months overdue, and Krause does not dispute that it failed to comply with the Court's December 1 Order. Be that as it may, it is the strong preference of courts in this circuit—including this Court—to decide cases

on their merits. Moreover, Krause has certified that it has produced the outstanding discovery, and there is little reason to believe that briefly reopening discovery for the limited purpose of allowing Plaintiff to depose witnesses would not cure any prejudice Plaintiff might otherwise experience as a result of Krause's delays in production. See Dkt. No. [37-1] at 9. Therefore, the Court **DENIES** Plaintiff's motion so far as it seeks exclusion of evidence and instead shall **REOPEN** discovery for six weeks so that Plaintiff can depose Krause's witnesses.

However, given Krause's profligate failures to respond to Plaintiff's demands for discovery and to comply with a lawful Order of the Court, the Court does find that an award of attorney's fees is appropriate. And given Krause's attorney's admission that the delays were attributable entirely to him, the Court finds it just to impose the sanction on the attorney rather than his client. Plaintiff is **ORDERED** to submit within fourteen days its fees and expenses incurred in pursuit of the overdue discovery responses and in filing the motion for sanctions. The Court will allow Krause's counsel five days to respond. Krause and its counsel are further **CAUTIONED** that future violations are likely to result in entry of default.

## III. CONCLUSION

In accordance with the foregoing, Plaintiff's motion for sanctions, Dkt. No. [37], is **GRANTED IN PART and DENIED IN PART**. The Court sua sponte **REOPENS** discovery for **six weeks** for the limited purpose of allowing Plaintiff to depose Krause's witnesses. Plaintiff is **ORDERED** to submit within

**fourteen days** its fees and expenses incurred in pursuit of the overdue discovery responses and in filing the motion for sanctions. The Court will allow Krause's attorney **five days** to respond. Future violations may result in the entry of default.

 **IT IS SO ORDERED** this 24th day of January, 2023.

**Leigh Martin May**
**United States District Judge**