**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| AMERICAN FAMILY HOME INSURANCE COMPANY, as Subrogee of Adrian Biesecker, | Civil No. 1:22-CV-01392-LMM |
| Plaintiff, | |
| v. | |
| MCLAREN AUTOMOTIVE, INC., and KRAUSE FAMILY MOTORCARS, LLC, | |
| Defendants. | |

**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S
SECOND MOTION FOR SANCTIONS AGAINST
DEFENDANT KRAUSE FAMILY MOTORCARS, INC.**

Plaintiff American Family Home Insurance Company, as Subrogee of Adrian Biesecker ("Plaintiff"), submits this reply brief in support of its Second Motion for Sanctions against Defendant Krause Family Motorcars, LLC ("Krause").

Krause boldly acknowledges that, "Plaintiff argues that Defendant has already had three strikes, and he is right." Dkt 47, p. 3. Krause concedes that it violated the Court's Orders, as outlined in Plaintiff's memorandum of law in support of its Second Motion for Sanctions. Krause's explanation for its failure to comply with clear Orders of this Court is not caused by "simple negligence, misunderstanding, or

1

inability to comply," but rather a pernicious pattern of disregard to the mandates of this Court. Krause concedes that it has an obligation to produce its expert for an in-person deposition. No rebuttal or explanation has been provided for its omissions to its expert disclosure and its failure to fully set forth the factual bases for its defenses.

Krause argues that its counsel suffers from severe ADHD, but offers no explanation how that caused a "miscommunication" with its expert's in-person deposition or its failure to fully produce discovery.  The notice of taking deposition clearly states the deposition would be conducted in person.  The court reporter did not circulate a Zoom link for the deposition of Krause's expert, as it would be the usual course for Zoom depositions. The other Krause deponents appeared in person. There was no  reason to have any understanding that the expert's deposition would be conducted by Zoom. Plaintiff is sympathetic to Krause's counsel's stated condition, but there are other attorneys and support staff at FAIN, MAJOR & BRENNAN, P.C. who are most able to assist Attorney Adam Klein with fulfilling Krause's obligations, especially in light of the Court's express warning that default was looming.

Krause's  continued disregard of this Court's Orders amounts to an intentional, willful, and bad faith failure to comply.  Krause understood its obligations and intentionally disregarded them. The pattern of broken promises and blown deadlines stretching back to the beginning of the case belies the latest excuse.

A recalcitrant party cannot shield itself from sanctions, where the sanctionable conduct was by its attorney. Clients are held accountable for the acts and omissions of their attorneys. *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-397 (1993). The Supreme Court stated:

> "In *Link* v. *Wabash R. Co.*, 370 U.S. 626, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962), we held that a client may be made to suffer the consequence of dismissal of its lawsuit because of its attorney's failure to attend a scheduled pretrial conference. In so concluding, the Supreme Court found 'no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client.' *Id.*, at 633.  To the contrary, the Court wrote:
>
> > Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' *Id.*, at 633-634 (quoting *Smith* v. *Ayer*, 101 U.S. 320, 326, 25 L. Ed. 955 (1880)).
>
> This principle also underlies our decision in *United States* v. *Boyle*, 469 U.S. 241, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985), that a client could be penalized for counsel's tardy filing of a tax return. This principle applies with equal force here and requires that respondents be held accountable for the acts and omissions of their chosen counsel."

In *Link v. Wabash R. Co.*, 370 U.S. 626, 627 (1962) the Supreme Court held:

> "Where plaintiff's counsel receives due notice of the scheduling of a pretrial conference in a Federal District Court, but fails to attend because he is busy preparing papers for filing in a state supreme court, he cannot be heard to say that he could not have foreseen that the

3

consequences of his default in attendance will be the Federal District Court's dismissing the action for failure to prosecute."

In sum, Krause has failed to demonstrate that its failure to comply with the clear mandates of this Court was through simple negligence, misunderstanding or inability to comply. Plaintiff American Family Home Insurance Company respectfully requests that the Court grant its second motion for sanctions as follows:

1. Impose an order of Default against Krause; and set this matter for an assessment of damages;

2. Order that the testimony and opinions of Patrick Early be stricken;

3. Order that Krause's defenses be stricken;

4. Award Plaintiff its attorney's fees for the preparation and filing of this motion; and

5. Award any other relief the Court deems just.

Respectfully submitted,

PLAINTIFF AMERICAN HOME INSURANCE COMPANY as subrogee of Adrian Biesecker, By its attorneys:

 /s/ Marie Cheung-Truslow                           .
Marie Cheung-Truslow (admitted pro hac vice)
Clint McCord (admitted pro hac vice)
**Law Offices of Marie Cheung-Truslow**
Phone: (617) 777-4748
Fax: (617) 553-1940
marie@cheungtruslowlaw.com
clint@cheungtruslowlaw.com

Office Address:
101 Arch Street, Suite 800 Floor
Boston, MA 02110

4

Eric D. Miller
**Miller Insurance Law Enterprise**
115 Perimeter Center Place, Suite 430
South Terraces
Atlanta, GA 30346

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 7.1(D), this is to certify that the foregoing was

prepared using Times New Roman font (14 point), which is one of the font and points

selections approved by the Court in Local Rule 5.1(C).

This 24th day of March, 2023.

/s/ Clint McCord          .
Clint McCord

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2023, I electronically filed the foregoing document using the CM/ECF system which will automatically send notification of such filing to any attorneys of record to this matter by CM/ECF system, as denoted on the Electronic Mail Notice List:

Adam Klein
Fain, Major & Brennan
One Premier Plaza
5605 Glenridge Drive NE, Suite 900
Atlanta, GA 30342
aklein@adamkleinlaw.com
cthomas@fainmajor.com

Ryan E. Cosgrove
Lisa Gibson
Christopher Shaun Polson
Nelson Mullins Riley & Scarborough LLP
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
ryan.cosgrove@nelsonmullins.com
lisa.gibson@nelsonmullins.com
shaun.polston@nelsonmullins.com


Dated: March 24, 2023

                                        /s/ Clint McCord              .
                                        Clint McCord