IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN FAMILY HOME INSURANCE COMPANY, *as subrogee of* Adrian Biesecker, | : : : : |
| Plaintiff, | : : |
| v. | : : | CIVIL ACTION NO. 1:22-cv-01392-LMM |
| KRAUSE FAMILY MOTORCARS, LLC, and MCLAREN AUTOMOTIVE, INC., | : : : : |
| Defendants. | : |

**ORDER**

This matter is before the Court for review of various discovery issues. After due consideration, the Court enters the following Order.

**I.  BACKGROUND**

On January 24, 2023, the Court granted Plaintiff American Family Home Insurance Company's motion for sanctions against counsel of record for Defendant Krause Family Motorcars, LLC (hereinafter, "Krause" or "Defendant") for failing to make disclosures required under Rule 26(a) of the Federal Rules of Civil Procedure and for violating the Court's Order to make disclosures, and it ordered Plaintiff to submit within 14 days its fees and expenses incurred in pursuit of the overdue discovery responses and in filing the motion for sanctions. Dkt. No. [40]. Plaintiff timely submitted its fees and expenses, Dkt. No. [42], and

Defendant filed a response and motion for enlargement of discovery, Dkt. No. [43].

On March 7, 2023, Plaintiff filed a second motion for sanctions against Defendant. Dkt. No. [45]. On the response deadline, Defendant filed a motion for extension of time, Dkt. No. [46], and on the following day, it filed a response in opposition to the motion, Dkt. No. [47]. On March 28, 2023, Plaintiff filed a reply brief in support of its second motion for sanctions, thereby completing written briefing of the pending discovery issues. Dkt. No. [48].

## II.   DISCUSSION

### A.   First Motion for Sanctions

Plaintiff requests that the Court enter an Order compelling Defendant to pay Plaintiff's attorneys' fees totaling $3,575.00 for the 9.9 hours they spent pursing overdue discovery and preparing and filing the first motion for sanctions. Dkt. No. [42]. It details the time spent and represents that attorney Clint McCord spent 8.8 hours, that attorney Marie Cheung-Truslow spent 1.1 hours, and that their normal hourly rates are $350.00 and $450.00, respectively. Dkt. No. [42-1].

Defendant's counsel does not object to Plaintiff's time records, but he does object to the hourly rates on grounds that the attorneys did not attest that the rates are reasonable or that they are the rates actually paid by Plaintiff in this matter. Dkt. No. [43]. He asks the Court to instead reduce the rates according to the Court's own determination of the rates that are reasonable in this District. Id.

The Court has reviewed Plaintiff's fee request and finds based on its own knowledge and experience that the rates and total fee request are reasonable. Accordingly, Plaintiff's motion for attorneys' fees, Dkt. No. [42], is **GRANTED**, and the Court **AWARDS** $3,575.00 in attorneys' fees to Plaintiff's counsel. As Krause's counsel of record conceded that discovery production in this matter has been severely delayed; that the delay was attributable entirely to himself, not to his client; that the delay in the production of the expert report resulted from a misunderstanding on his part; and that it would not be in the interest of justice to punish Krause for its attorney's lapse, Dkt. No. [38], the award **SHALL** be paid by Krause's counsel of record.

B.     **Motion to Enlarge Discovery**

Defendant moves the Court to amend an Order entered on January 24, 2023, in which it ordered discovery reopened for six weeks for the limited purpose of allowing Plaintiff to depose witnesses. Dkt. No. [43]. In the motion, Defendant asks the Court to amend the Order to allow both parties the opportunity to depose each other's expert and fact witnesses. Id. at 2. It states that granting the motion "would be in the interest of justice and would serve not to punish a litigant before this court for the shortcomings of undersigned counsel." Id. Defendant provides no other support for his request.

Defendant did not comply with the provision of the Court's Standing Order directing that prior to filing a discovery motion (other than an unopposed, consent, or joint motion to extend the discovery period) the parties should e-mail

3

the Courtroom Deputy Clerk, see Dkt. No. [4] at 18, and the six weeks of discovery the Court approved on January 24 has run its course. Therefore, Defendant's motion to enlarge discovery, Dkt. No. [43], is **DENIED AS MOOT**.

Additionally, the Court allowed Plaintiff this additional time to conduct discovery because Defendant Krause had not provided the information Plaintiff needed in discovery in a timely manner. Other than its cursory statement, Defendant Krause provides no reasoning for why it needs additional time in discovery.

### C. Second Motion for Sanctions

With regard to the second motion for sanctions, Dkt. No. [45], the Court hereby **ORDERS** that a hearing shall take place on **Tuesday, April 18, 2023, at 10:00 AM** in Courtroom 2107, United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia. In addition to counsel of record, it is further **ORDERED** that the managing partner of defense counsel's firm, Fain, Major & Brennan, also attend the hearing. Counsel of record for Defendant Krause is **ORDERED** to provide the managing partner of his firm with a copy of this Order. The Court will defer ruling on the second motion for sanctions until that time.

The Court also **GRANTS** the motion for extension of time, Dkt. No. [46], nunc pro tunc and will consider Defendant's response to the second motion for sanctions as though it had been timely filed.

### III. CONCLUSION

The motion for attorneys' fees, Dkt. No. [42], is **GRANTED**, and Plaintiff is **AWARDED** $3,575.00 in attorneys' fees to be paid by Krause Family Motorcars, LLC's counsel of record. The motion to enlarge discovery, Dkt. No. [43], is **DENIED AS MOOT**. The second motion for sanctions, Dkt. No. [45], is **DEFERRED** until the hearing to take place on April 18, 2023, as set out above. The motion for extension of time to file a response to the second motion for sanctions, Dkt. No. [46], is **GRANTED** nunc pro tunc.

**IT IS SO ORDERED** this 31st day of March, 2023.

**Leigh Martin May**
**United States District Judge**