IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AMERICAN FAMILY HOME INSURANCE COMPANY, as Subrogee of Adrian Biesecker,<br><br>Plaintiff,<br><br>v.<br><br>MCLAREN AUTOMOTIVE, INC.; and KRAUSE FAMILY MOTORCARS, LLC,<br><br>Defendants. | Civil Action No.<br>1:22-cv-01392-LMM |

### DEFENDANT MCLAREN AUTOMOTIVE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(a), and Local Rule 56.1, Defendant McLaren Automotive, Inc. ("MAI") respectfully moves this Court for an order granting summary judgment as to Plaintiff's claims against MAI. For the reasons stated below, MAI is entitled to judgment as a matter of law as to certain claims asserted by Plaintiffs.

This memorandum is supported by Defendant's Statement of Material Facts ("SOMF") filed herewith.

-1-

## I.    INTRODUCTION

This case involves a used 2021 McLaren 765LT, VIN SBM14RCAXMW765597, that was involved in a fire on or about April 21, 2021 in Pennsylvania. The vehicle's fuel system was repaired by Krause Family Motorcars, LLC dba McLaren Atlanta ("Krause") shortly before the incident due to rodent damage to the same fuel system in the vehicle. Notably, the fuel system repair that Plaintiff contends was negligently performed by Krause and caused the subject fire was neither a defect in the workmanship or quality of the vehicle nor was it or would it be covered by the McLaren limited vehicle warranty. Further, MAI was not involved in performing the repair. MAI was also not involved in the decision to transport the subject McLaren from Motorcars of Jackson, LLC to Krause in Georgia for repair. Krause is an independent McLaren dealership owned and operated by individuals and/or entities unaffiliated with MAI. Motorcars of Jackson, LLC, the retailer who sold the used vehicle to Plaintiff, is not an authorized McLaren dealership, and also has no affiliation with MAI.

Accordingly, MAI moves for summary judgment under Federal Rule of Civil Procedure 56 on the following grounds:

> A. Plaintiff's negligence claim (Count I) fails as a matter of law because Plaintiff failed to provide any evidence that MAI negligently performed any work on the subject McLaren that caused the subject fire.

  B. Plaintiff's breach of express warranty claim (Count III) fails as a matter of law because Plaintiff failed to provide any evidence the fuel system repair was a non-conformity covered by the McLaren limited vehicle warranty.

  C. Plaintiff's Magnuson-Moss claim (Count II) fails as a matter of law because it falls with the failed warranty claim asserted under state law.

On the undisputed factual record, Plaintiff's claims fail against MAI as a matter of law and judgment should be entered in favor of MAI.

## II. FACTUAL BACKGROUND

### A. Subject Vehicle

This case involves a 2021 McLaren 765LT, VIN SBM14RCAXMW765597. The subject McLaren was originally distributed by MAI to McLaren Boston on or about October 22, 2020. (Statement of Material Facts to Which There Is No Genuine Issue to Be Tried ("SOMF") ¶ 3; **Ex. 1**, Declaration of Pat Dahlberg ("Dahlberg Decl."), ¶ 5 & **Ex. A** attached thereto.) Adrian Biesecker subsequently purchased the subject McLaren from Motorcars of Jackson, LLC, in Jackson, Mississippi on or about March 23, 2021. (SOMF ¶ 5, Plaintiff's Complaint, ¶ 8 (Doc. 1 at 4); **Ex. 3**, Cash Retail Buyers Order and Invoice [AFHIC_0001].)

### B. Repairs Performed by Krause

On or about March 24, 2021, Motorcars of Jackson, LLC contacted defendant Krause Family Motorcars, LLC dba McLaren Atlanta ("Krause") to perform repairs to

the subject McLaren in Georgia. (SOMF ¶ 7, Plaintiff's Complaint, ¶ 12 (Doc. 1 at 4-5).) MAI was not involved in any way with the decision to or the transport of the subject McLaren from Motorcars of Jackson, LLC to Krause in Georgia for repair. (SOMF ¶ 8, **Ex. 1**, Dahlberg Decl., ¶ 10.)

Upon receiving the vehicle, Krause determined there was rodent damage to the fuel cell harness and adjacent fuel feed line which required the components to be replaced. (SOMF ¶ 9, **Ex. 4**, Krause's Response to Plaintiff's Interrogatory No. 4; **Ex. 2**, Deposition of Brandon Saszi ("Saszi Dep."), p. 14:13-17; **Ex. 5**, Deposition of Derick Lee ("Lee Dep."), pp. 86:7-15, 93:6-9, 108:16-21.) Rodent damage is damage caused by external influence and not a warrantable non-conformity that is covered by the McLaren limited warranty. (SOMF ¶ 10, **Ex. 1**, Dahlberg Decl., ¶ 11; **Ex. 2**, Saszi Dep., pp. 81:7-82:15; **Ex. 6**, Deposition of Max Landes ("Landes Dep."), pp. 26:15-27:8; **Ex. 5**, Lee Dep., pp. 86:7-15, 108:2-8, 139:23-140:17, 141:23-142:2.) As such, the fuel system repair that Plaintiff contends was negligently performed by Krause was not a warrantable repair and MAI was not involved in performing and did not reimburse Krause for the repair. (SOMF ¶ 11, **Ex. 1**, Dahlberg Decl., ¶ 12; **Ex. 2**, Saszi Dep., pp. 81:7-13, 82:4-7; **Ex. 6**, Landes Dep., p. 31:9-23; **Ex. 6**, Lee Dep., pp. 139:23-141:2.)

Krause is an independent dealership owned and operated by individuals and/or entities unaffiliated with MAI. (SOMF ¶ 2, **Ex. 1**, Dahlberg Decl., ¶ 9; **Ex. 2**, Saszi Dep., p. 80:4-16.) MAI did not provide any direction or guidance, technical or otherwise, to Krause relating to Krause's repair to the fuel system on the subject McLaren vehicle, which was performed as a "customer pay" repair. (SOMF ¶ 12, **Ex. 1**, Dahlberg Decl., ¶ 13; **Ex. 5**, Lee Dep., pp. 139:23-141:2.)

MAI entered into a dealer agreement with Krause in reliance on Krause's representation that the person designated by Krause as the General Manager has full-time commitment to provide maintenance and repair services to the satisfaction of McLaren customers and is in complete charge of the day-to-day dealership operations with authority to make all decisions with respect to dealership operations. (SOMF ¶ 13, **Ex. 1**, Dahlberg Decl., ¶ 14; **Ex. 2**, Saszi Dep., p. 83:5-13.) Motorcars of Jackson, LLC is not an authorized retailer of McLaren vehicles, and has no affiliation, contractual or otherwise, with MAI. (SOMF ¶ 16, **Ex. 1**, Dahlberg Decl., ¶ 15.)

After completing the work on or about April 14, 2021, Krause arranged to have the vehicle transported from Georgia to Adrian Biesecker in Pennsylvania. (SOMF ¶ 14, Plaintiff's Complaint, ¶¶ 21, 22 (Doc. 1 at 6).) The subject McLaren was involved in a fire on or about April 21, 2021, after Adrian Biesecker drove it for the first time. (SOMF ¶ 15, Plaintiff's Complaint, ¶ 23 (Doc. 1 at 6-7).)

### III.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate upon showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252.

As demonstrated in this Memorandum, there are no genuine issues regarding any facts that are material to Plaintiff's claims and MAI is entitled to judgment as a matter of law.

### IV.   ARGUMENT AND CITATION OF AUTHORITY

**A.   MAI is entitled to summary judgment on Plaintiff's negligence claim because Plaintiff failed to provide any evidence that MAI negligently performed or supervised any work on the subject McLaren.**

To prevail on a claim for negligence, there are four elements that need to be proven by Plaintiff. Plaintiff must demonstrate: (1) a legal duty to conform to a standard of conduct; (2) a breach of this duty; (3) a causal connection between the conduct and the resulting injury; and (4) damage to the plaintiff. *Johnson v. American National Red Cross*, 569 S.E.2d 242, 247 (Ga. Ct. App. 2002).

Under the first element, the plaintiff must prove the defendant had a duty to conform to a standard of conduct for protection of the plaintiff. Here, MAI owed no duty to Plaintiff because the fuel system repair was not a warrantable non-conformity covered under the McLaren limited vehicle warranty and it was performed by Krause which is an independent entity. MAI was not responsible for the repair performed by Krause, MAI did not oversee the work performed by Krause, and MAI did not participate in the work performed by Krause. Accordingly, MAI did not have any legal duty to conform to a standard of due care in connection with the repair.

As for the second element regarding breach, there can be no breach by MAI because MAI did not have any duty of care, as established above. Further, Plaintiff cannot establish its damages were caused by any negligent conduct attributable to MAI because Krause, not MAI, performed the non-warrantable repair to the fuel system that Plaintiff contends caused the subject fire. The third and fourth element,

although they also cannot be established as to MAI, would not be enough for Plaintiff to prevail. Therefore, Plaintiff's negligence claim fails as a matter of law.

**B.     Plaintiff's breach of express warranty claim fails as a matter of law because there is no privity of contract between Plaintiff and MAI and Plaintiff failed to provide any evidence the fuel system repair was covered by the McLaren limited warranty.**

Breach of warranty claims under Georgia law require privity. *See* O.C.G.A. § 11-2-314; *Best Cavas Prods. & Supplies, Inc. v. Ploof Truck Lines, Inc.*, 713 F.2d 618, 620 (11th Cir. 1983). In *Evershine Products, Inc. v. Schmitt*, 202 S.E.2d 228, 231 (Ga. Ct. App. 1973), the Court made clear that: (1) Georgia law requires privity of contract; and (2) subsequent consumers may not recover on the warranty to the initial consumer because there is no privity of contract. Here, Plaintiff's breach of warranty claim (Count III) fails as a matter of law because there is no privity between MAI and Plaintiff. (SOMF ¶ 5, Plaintiff's Complaint, ¶ 8 (Doc. 1 at 4); **Ex. 3**, Cash Retail Buyers Order and Invoice [AFHIC_0001]); *see Monticello v. Winnebago Indus., Inc.*, 369 F. Supp. 2d 1350, 1361 (N.D. Ga. 2005).

Further, Plaintiff's breach of warranty claim also fails because the fuel system repair that Plaintiff contends was negligently repaired by Krause was neither a warrantable defect nor was it covered by the McLaren limited warranty. (SOMF ¶ 10, **Ex. 1**, Dahlberg Decl., ¶ 11.) MAI did not authorize or oversee the non-warranty repair to the fuel system performed by Krause. (SOMF ¶¶ 11-12, **Ex. 1**, Dahlberg

Decl., ¶¶ 12-13.)  Krause is an independent McLaren dealership owned and operated by individuals and/or entities unaffiliated with MAI.  (SOMF ¶ 2, **Ex. 1**, Dahlberg Decl., ¶ 9.)  There is no privity between Motorcars of Jackson, LLC, the retailer of the subject McLaren to Plaintiff, and MAI.  (SOMF ¶ 5, Plaintiff's Complaint, ¶ 8 (Doc. 1 at 4), **Ex. 3**, Cash Retail Buyers Order and Invoice [AFHIC_0001]; SOMF ¶ 16, **Ex. 1**, Dahlberg Decl., ¶ 15.) Since the fuel system repair was not a repair performed under and/or covered by the McLaren limited warranty and there is no privity between MAI and Plaintiff, there can be no breach of warranty claim established against MAI.

Accordingly, Plaintiff's breach of warranty claim fails as a matter of law.

**C.     Plaintiff's Magnuson-Moss claim (Count II) fails as a matter of law because it falls with the failed warranty claim asserted under state law.**

The Magnuson-Moss Act allows "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract," to "bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310(d)(1). Significantly, however, claims under the Magnuson-Moss Warranty Act "stand or fall with . . . express and implied warranty claims under state law." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008); *see also Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 405 (7th Cir. 2004) (noting that the Magnuson–Moss Act borrows state law causes of action).

-9-

As discussed above, Plaintiff's breach of warranty claim fails as a matter of law because the fuel system repair that Plaintiff contends was negligently repaired by Krause was neither a warrantable defect nor was it covered by the McLaren limited warranty.  (SOMF ¶ 10, **Ex. 1**, Dahlberg Decl., ¶ 11.)  MAI did not authorize or oversee the non-warranty repair to the fuel system performed by Krause.  (SOMF ¶ 12, **Ex. 1**, Dahlberg Decl., ¶ 13.)

Accordingly, Plaintiff's Magnuson-Moss claim fails as a matter of law.

## V.  CONCLUSION

For the reasons stated above, the Court should grant MAI's motion for summary judgment.  Plaintiff cannot establish any viable claims against MAI in this action.

Dated: April 5, 2023

*/s/ Christopher Shaun Polston*
Christopher Shaun Polston
Georgia Bar No. 737821
*Attorney for Defendant, McLaren Automotive, Inc.*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone:  (404) 322-6000
Facsimile:  (404) 322-6050
Email: shaun.polston@nelsonmullins.com

-11-

        Lisa M. Gibson (*Admitted Pro Hac Vice*)
        Ryan E. Cosgrove (*Admitted Pro Hac Vice*)
        **NELSON MULLINS RILEY &**
        **SCARBOROUGH LLP**
        19191 South Vermont Avenue, Suite 900
        Torrance, CA 90502
        Telephone:  (424) 221-7400
        Facsimile:   (424) 221-7499
        Email: lisa.gibson@nelsonmullins.com
               ryan.cosgrove@nelsonmullins.com

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rule 7.1D, this is to certify that this brief has been prepared with one of the fonts and points approved by the Court in LR 5.1B, i.e., 14 point, Times New Roman font, and that the brief does not contain more than 10 characters per inch of type.

/s/ *Christopher Shaun Polston*
Christopher Shaun Polston
Georgia Bar No. 737821

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2023, a true and correct copy of the foregoing document was served on the following counsel of record via email:

Marie Cheung-Truslow
Clinton Judd McCord
Law Offices of Marie Cheung-Truslow
101 Arch St
8th Floor
Boston, MA 02110
marie@cheungtruslowlaw.com
clint@cheungtruslowlaw.com

Eric David Miller
Miller Insurance Law Enterprise
115 Perimeter Center Place
South Terraces, Suite 430
Atlanta, GA 30346
emiller@millerbonham.com

Adam Klein
Fain, Major & Brennan
One Premier Plaza
5605 Glenridge Drive NE
Suite 900
Atlanta, GA 30342
aklein@adamkleinlaw.com

This 5th day of April, 2023.

/s/ *Christopher Shaun Polston*
Christopher Shaun Polston
Georgia Bar No. 737821
*Attorney for Defendant, McLaren Automotive, Inc.*

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
201 17th Street, NW, Suite 1700
Atlanta, GA 30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
Email: shaun.polston@nelsonmullins.com