# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| AMERICAN FAMILY HOME | ) | |
| INSURANCE COMPANY, | ) | |
| as Subrogee of ADRIAN BIESECKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO.:  1:22-CV-01392-LMM |
| | ) | |
| MCLAREN AUTOMOTIVE, INC. and | ) | |
| KRAUSE FAMILY MOTORCARS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT KRAUSE FAMILY MOTORCARS' RESPONSES**
**TO  PLAINTIFF'S INTERROGATORIES**

> 1. *Please describe all work and services performed by any KRAUSE employee on the SUBJECT AUTOMOBILE, including:*
>    a. *a detailed description of each task performed;*
>    b. *the date(s) each task was performed;*
>    c. *the name of the person(s) performing the task;*
>    d. *each part used in performing the task.*

**Response:**

   a.  See Exhibit A to Plaintiff's Requests for Production of Documents.

   b.  See Exhibit A to Plaintiff's Requests for Production of Documents.

   c.  All tasks were performed by technician Derick Lee.

   d.  See Exhibit A to Plaintiff's Requests for Production of Documents.

> 2. *For each person identified in the preceding interrogatory, please state every professional certification held by that person on March 24, 2021.*

**Response:**     Mr. Lee holds the following training certifications from McLaren:

- 0202 - Chassis Systems
- 2022 Technical Training Plan 1
- 2022 Technical Training Pathway

- 00 - Technical e-Learning
- McLaren High Voltage (HV) Awareness
- Service Technician Accreditation
- Service Technician Accreditation - New
- 0101 - Service Technician Introduction
- 0201 - Body Electrics
- Body Electrics and MDS
- Introduction to McLaren
- McLaren Model Range
- Technical for Non-Technical
- 0102 - EIT (Electrically Instructed Technician)
- Electrically Instructed Technician (EIT)
- McLaren Speedtail Technical Training
- Engine Technology Repair and Engine Management
- McLaren 600LT Product Training - eLearning
- McLaren 675LT Product Training - eLearning
- McLaren 570S Product Training - eLearning
- McLaren GT Pre-Reveal Module
- McLaren 570GT Product Training - eLearning
- McLaren 570S Spider Product Training - eLearning
- McLaren 720S Spider Product Training - eLearning
- McLaren PITM Technical Training
- McLaren Senna Technical Training
- McLaren Senna Product Training - eLearning
- McLaren Special Operations (MSO) eLearning
- McLaren Senna Ordering
- McLaren 720S Product Training - eLearning
- McLaren 720S Technical Training

3. *Please identify each request or order for any part or piece of equipment by KRAUSE for use in connection with its work on the SUBJECT AUTOMOBILE, including for each request:*
   a. *a description of the part ordered/requested, including all model and serial numbers of the requested/ordered part;*
   b. *the entity to whom the request/order was made;*
   c. *the date the request/order was made;*
   d. *the part received in response to the request/order, including all model and serial numbers of the received part;*
   e. *whether the order/request was correctly fulfilled.*

**Response:**

See Exhibit A to Plaintiff's Requests for Production of Documents.

4.  *Please identify all policies, procedures, manuals, instructions, specifications, and guidelines that KRAUSE relied on, referred to, used, or applied in performing work on the SUBJECT AUTOMOBILE.*

**Response:**     There is no documented procedure put forth by McLaren for rodent damage. It is a case by case inspect and recommend replacement process. In this case, the client approved only replacement of the the fuel cell harness and the adjacent fuel feed line, which were both visibly damaged by rodents. After the parts were replaced, Krause technicians drove the car and rechecked for leaks; none were found. The McLaren instructions for fuel hose replacement have been provided n response to Plaintiff's Requests for Production.

5.  *If KRAUSE contends that Adrian Biesecker caused or contributed in any way to the April 24, 2021, fire in the SUBJECT AUTOMOBILE, please describe in detail each and every act and omission of Mr. Biesecker, and the manner in which KRAUSE asserts it caused or contributed to the fire.*

**Response:**     Mr. Biesecker may have been negligent in his transport or operation of the vehicle, including (but not limited to) the manner in which he filled it with fuel and failing to observe warning signs of a potential fire hazard.

6.  *Please state all facts that support the "FIRST DEFENSE" in KRAUSE's Answer.*

**Response**:     Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

   7.  *Please state all facts that that support the "SECOND DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

   8.  *Please state all facts that support the "THIRD DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

9. *Please state all facts that support the "FOURTH DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

10. *Please state all facts that support the "FIFTH DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

11. *Please state all facts that support the "SIXTH DEFENSE" in KRAUSE's Answer.*

**<u>Response</u>**: Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

12. *Please state all facts that support the "SEVENTH DEFENSE" in KRAUSE's Answer.*

**<u>Response</u>**: Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

*13. Please state all facts that support the "EIGHTH DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

*14. Please state all facts that support the "NINTH DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

15. *Please state all facts that support the "TENTH DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

16. *Please state all facts that support the "ELEVENTH DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

*17. Please state all facts that support the "TWELFTH DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

*18. Please state all facts that support the "THIRTEENTH DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

19. *Please state all facts that support the "FOURTEENTH DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

20. *Please state all facts that support the "FIFTEENTH DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

21. *Please state all facts that support the "SIXTEENTH DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

22. *Please state all facts that support the "SEVENTEENTH DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

23. *Please state all facts that support the "EIGHTEENTH DEFENSE" in KRAUSE's Answer.*

**Response**: Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

24. *Please state all facts that support the "NINETEENTH DEFENSE" in KRAUSE's Answer.*

**Response**: Defendant objects to this request on the grounds that it seeks information/documentation which was prepared and/or obtained in anticipation of litigation or that which is protected by the attorney work product and/or attorney client privilege, or that which reveals the thought process, mental impressions, or legal theories of counsel. Defendant also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant reserves the right to supplement this response.

25. *Please state all facts that support the "TWENTIETH DEFENSE" in KRAUSE's Answer.*

**Response**:   Defendant   objects   to   this   request   on   the   grounds   that   it   seeks

information/documentation which was prepared and/or obtained in anticipation of litigation or

that which is protected by the attorney work product and/or attorney client privilege, or that

which reveals the thought process, mental impressions, or legal theories of counsel.  Defendant

also objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome,

vague, ambiguous, not reasonably limited in time and/or scope, and not reasonably calculated to

lead to the discovery of admissible evidence.  Subject to and without waiving these objections,

the defense cited on the answer is self- explanatory. Discovery is ongoing, and Defendant

reserves the right to supplement this response.

      Respectfully submitted, this 24th day of October, 2022.

                                         **FAIN, MAJOR & BRENNAN, P.C.**

                                         */s/ Adam J. Klein*
                                         ADAM J. KLEIN

One Premier Plaza                       Georgia Bar No. 425032
5605 Glenridge Drive, NE              Counsel for Defendant Krause Family
Suite 900                                  Motorcars, LLC
Atlanta, GA 30342
(404) 688-6633 ext. 2567 office
(404) 420-1544  fax
aklein@fainmajor.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| AMERICAN FAMILY HOME INSURANCE COMPANY, as Subrogee of ADRIAN BIESECKER, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | FILE NO.:  1:22-CV-01392-LMM |
| | ) | |
| MCLAREN AUTOMOTIVE, INC. and KRAUSE FAMILY MOTORCARS, LLC, | ) ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the foregoing ***Defendant Krause Family Motorcars' Responses to the Plaintiff's Requests for Interrogatories*** with the Clerk of Court using *Pacer* which will automatically send e-mail notification of such filing to all parties of record as follows:

| | |
|---|---|
| Eric D. Miller, Esq. | Marie Cheung-Truslow |
| Miller Insurance Law Enterprise | Clint McCord |
| 115 Perimeter Center Place | Law Offices of Marie Cheung-Truslow |
| Suite 430 | 19 Tobisset Street |
| South Terraces | Mashpee, MA 02649 |
| Atlanta, GA 30346 | marie@cheungtruslowlaw.com |
| emiller@mileatlanta.com | clint@cheungtruslowlaw.com |

McLaren Automotive, Inc.
c/o CT Corporation System
289 S Culver Street
Lawrenceville, GA 30046

Respectfully submitted, this 10th day of October, 2022.

**FAIN, MAJOR & BRENNAN, P.C.**
*/s/ Adam J. Klein*
‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
ADAM J. KLEIN

One Premier Plaza
5605 Glenridge Drive, NE
Suite 900
Atlanta, GA 30342

Georgia Bar No. 425032
Counsel for Defendant Krause Family
Motorcars, LLC